BANKS, Justice,
for the court:
In this appeal we are called upon to explore the parameters of the relief afforded garnishees in default by the sworn declaration mechanism prescribed in Mississippi Code Annotated, Section 11-35-31 (1972) [1]. We conclude that, where such a *1297 declaration is filed prior to execution on the default judgment, a defaulting garnishee suffers only liability for attorneys’ fees and court costs and does not waive its ability to assert any defenses on the merits. We are also presented with an interesting fact pattern concerning service of process and the treatment of appellant’s motion to set aside default. In the end, we conclude that the issue of service was waived.
The Circuit Court of Hancock County entered a Default Judgment in the total amount of $35,531.10 (amount of judgment of $34,200.00 plus an attorney’s fee of $1,331.10) against the appellant Wayne Lee’s Grocery and Market, Inc. for its failure to respond to a Writ of Garnishment. Wayne Lee’s Grocery and Market, Inc. appeals to this Court assigning the following errors:
I. THE TRIAL COURT ERRED IN FINDING THAT WAYNE LEE’S GROCERY AND MARKET, INC. WAS PROPERLY SERVED WITH PROCESS AND SUMMONS.
II. THE TRIAL COURT WRONGFULLY DENIED WAYNE LEE’S GROCERY AND MARKET, INC. THE OPPORTUNITY TO FILE ITS SWORN ANSWER TO LIMIT ITS LIABILITY.
FACTS
Wayne Lee’s Grocery and Market, Inc. (“Wayne Lee’s”) is a Mississippi corporation whose principal place of business, corporate officers and registered agent are located in Pascagoula, Jackson County, Mississippi. On the date of service of process in question, Perry Wayne Lee was President of Wayne Lee’s and was registered with the Secretary of State’s office as the corporation’s agent for service of process. When this action arose Wayne Lee’s operated two grocery stores, one each in Pascagoula and Lucedale, Mississippi.
Wayne Lee’s hired Doug Lee (Doug) in September or October 1978 to be the assistant manager of its Lucedale grocery store which opened in November of that year. After the first forty-five (45) days of operation, Doug was promoted to manager and continued to serve in this capacity until February 1987. In February, Doug left Wayne Lee’s to open his own grocery store in Bay St. Louis, Mississippi, but returned to manage the Lucedale store in December 1987. At the time of this action, Doug remained employed by Wayne Lee’s as manager of its Lucedale facility at a salary of $600.00 per week.
On October 30, 1987, the appellee, Bay St. Louis, Mississippi Commercial Properties Development Corporation, (“Commercial Properties”), filed a complaint in Hancock County Circuit Court against Doug. Commercial Properties instituted action to recover against Doug for breach of contract regarding a lease of certain commercial property related to his grocery store in Bay St. Louis. After the court returned a verdict in its favor, Commercial Properties had Writs of Garnishment issued against several banks and Wayne Lee’s Grocery and Market, Inc.
Edward McKenna was the process server responsible for serving the Writs of Garnishment. On July 12, 1988, McKenna served the Writ of Garnishment intended for Wayne Lee’s at its Lucedale store upon the Assistant Manager Johnny Hyatt. According to McKenna’s testimony he had asked a clerk for the manager when Hyatt approached him. The manager, Doug, was not in the store at the time of service, and Mr. McKenna could not recall whether Hyatt introduced himself as the manager or the assistant manager.
Johnny Hyatt testified that he introduced himself as the assistant manager and took the papers from McKenna. Hyatt understood that the documents were “court papers” but thought they were for Doug personally and not Wayne Lee’s. Because Doug was not present, Hyatt placed the papers on Doug’s desk as was his regular practice when deliveries came for the manager.
When Wayne Lee’s failed to answer the Writ of Garnishment, Commercial Properties obtained a Default Judgment. Wayne Lee’s then filed a Motion to Set Aside the *1298 Default Judgment based on improper service of process. In the hearing on Wayne Lee’s motion, the parties agreed that the court should take the matter under advisement. The following day, Wayne Lee’s filed a sworn declaration. In a subsequent hearing, responding to Commercial Properties’ assertion that the sworn declaration was premature due to the pendency of the motion to set aside default, Wayne Lee’s attorney withdrew his client’s claim of defective service, to “get us back to where we should have been in the first place,” so that the court could decide on the Sworn Declaration.
Based on the withdrawal, the court overruled the Motion to Set Aside the Default Judgment which had been based on improper service of process and proceeded to hear evidence concerning the issue raised in the sworn declaration. Two weeks later, prior to resolving the issues before the court on the sworn declaration, the court, sua sponte, determined that an issue existed as to whether Wayne Lee's withdrew the Motion to Set Aside the Default Judgment and set aside its previous order overruling Wayne Lee’s Motion to Set Aside the Default Judgment until it could review the transcript.
Later in its Findings of Fact and Conclusions of Law the court stated that the default judgment was valid and effective but did not address whether it considered the motion to set aside to have been withdrawn. The court did find as a matter of law that Wayne Lee’s sworn declaration was effective but “only to the extent of limiting its [Wayne Lee’s] liability under the June 8, 1989 Default Judgment.” The court concluded that Wayne Lee’s had waived all defenses and entered judgment for attorneys fees plus the gross salary paid to Doug from the date of service of the writ of garnishment to the date of filing of the motion to set aside default, without reduction for exemptions, prior garnishments or withholding taxes. It is from these decisions which Wayne Lee’s now appeals.
• The following chronological summary is included to assist in understanding the events that transpired.
DATE EVENT
April 4, 1988 Judgment for Commercial Properties against Doug Lee for $52,631.21.
July 1, 1988 Writ of Garnishment issued against Doug Lee’s employer, Wayne Lee’s Grocery and Market.
July 12, 1988 Writ of Garnishment served on Wayne Lee’s Grocery and Market. Service of process on Johnny Hyatt, Assistant Manager.
June 8, 1989 Default Judgment entered against Wayne Lee’s Grocery and Market in the amount of $52,631.24.
August 2, 1989 Wayne Lee’s Grocery and Market files Motion to Set Aside Default Judgment.
August 15, 1989 Hearing held on Motion to Set Aside Default Judgment.
August 16, 1989 Wayne Lee’s Grocery and Market files Sworn Declaration.
August 18, 1989 Commercial Properties files with Circuit Judge Motion to Strike Sworn Declaration.
August 18, 1989 Hearing held on Sworn Declaration and Commercial Properties subsequent Motion to Strike Sworn Declaration.
August 28, 1989 Court entered Order Overruling Motion to Set Aside Default Judgment.
Sept. 14, 1989 Court on its own motion enters order setting aside the previous order overruling Wayne Lee’s Motion to Set Aside the Default Judgment.
Dec. 8, 1989 Court issues Findings of Facts and Conclusions of Law.
Dec. 27, 1989 Judgment entered against Wayne Lee’s Grocery and Market in the amount of $35,-531.10.
Jan. 3, 1990 Wayne Lee’s Grocery and Market files post-judgment motions including Motion to Vacate Judgment, Motion for Judgment Notwithstanding the Verdict, Motion for New Trial, and Motion to Alter or Amend Judgment.
Jan. 16, 1990 Court entered Order overruling all post-judgment motions filed by Wayne Lee’s Grocery and Market.
Jan. 16, 1990 Court entered Order Setting Supersedeas Bond.
*1299 Jan. 16, 1990 Wayne Lee’s Grocery and Market filed Petition to Appeal to this Court.
LAW
I.
WHETHER THE TRIAL COURT ERRED IN FINDING THAT WAYNE LEE’S GROCERY AND MARKET, INC. WAS PROPERLY SERVED WITH PROCESS AND SUMMONS.
On August 15, 1989, at the end of the hearing on Wayne Lee’s Motion to Set Aside the Default Judgment, the parties agreed that the court should take the matter under advisement after the following statements were made:
THE COURT: Of course, I was not anticipating this motion before I came back a few minutes ago so it’s — y’all want me to take it under advisement and at least do a little looking at the statute concerning summonses on corporations, garnishments and rule 4 I will do so. If you don’t then I will go ahead and make a ruling. Now, do y’all want me to take it under advisement or go ahead and shoot from the hip as to what I think the law is?
MR. DORSEY (Attorney for Appellant): I think you ought to give it your best consideration. The amount of money involved is substantial and that it might go on up from here. I don’t know.
THE COURT: I notice it is a substantial amount and I would be very much surprised if it doesn’t go up so I think that I ought to give it a little more attention than just telling you what I think at this given time. All right. I will tell you what I’m going to do. This case we’re about to get into is going to go at least through tomorrow. You can anticipate a ruling by Friday.
MR. DORSEY: All right, sir.
The record indicates that on August 16, 1989, the day following the above-mentioned hearing, Wayne Lee’s filed a Sworn Declaration. On August 18, 1989, a hearing on that declaration was held in open court in the First Judicial District of Harrison County, Mississippi. Before any testimony was offered, Commercial Properties challenged the Sworn Declaration on several grounds including the timeliness of considering the Sworn Declaration before Wayne Lee’s Motion to Set Aside the Default Judgment had been decided by the court. In response the following occurred:
THE COURT: Well, as I view it, it’s a matter of steps to be taken, procedural steps to be followed as we move along and since the position has been taken by the—
MR. DORSEY: Would we not meet ourselves right back here on that sworn declaration?
THE .COURT: Well, we can do that if I’m understanding what you’re saying is that you are withdrawing your contest as far as the service of process is concerned and that the judgment was properly entered and that you’re not trying to set it aside now but that you’re trying to stop the execution on it.
MR. DORSEY: I am. And get back where we should have been all along, that with sworn declaration it sets forth and we can set forth by testimony that these other garnishments are there, that Doug Lee owes the judgment, he’s already paid one off through judgment— through garnishment, he’s in the process of paying off a second one through garnishment and now, after that’s done the third one which would be Bay St. Louis [Commercial Properties] would come in through garnishment.
THE COURT: All right. Then based upon the statement of counsel for Wayne Lee I will overrule your Motion to Set Aside the Default Judgment and that order will be entered prior to the motion to — prior to the sworn declaration.
(emphasis added).
Accordingly, on August 29, 1989, the court entered an order overruling Wayne Lee’s earlier Motion to Set Aside the Default Judgment. Because Mr. Dorsey withdrew his “contest as far as the service of process is concerned,” consented “that the *1300 judgment [Default Judgment of June 8, 1989] was properly entered,” and agreed that he was “not trying to set it [Default Judgment of June 8, 1989] aside now”, the court below never considered whether the actual service of process of the Writ of Garnishment on Wayne Lee’s assistant manager was defective, as Wayne Lee’s had originally suggested. By withdrawing the motion, Wayne Lee’s removed its allegations of defective service from the court’s consideration.
The trial court later determined, however, that an issue existed as to whether Mr. Dorsey had actually orally withdrawn Wayne Lee’s Motion to Set Aside the Default Judgment. Consequently, the court entered an order on September 14, 1989, setting aside its previous order which overruled the Motion to Set Aside the Default Judgment. In this order, the court stated that it was “necessary to review the reporter transcript to make a determination on the issue.... ”
The trial court never made an express determination of the issue that it raised. The court states in Paragraph 5 of its Findings of Fact and Conclusions of Law that
as a matter of law that the Garnishee [Wayne Lee’s] failed to answer as required by law and failed to show cause for vacating the Default Judgment and cannot now file an answer under the provisions of Section 11-35-25, Mississippi Code of 1972, as Amended, nor can it file a previous garnishment statement under Section 11-35-24, Code, nor can it suggest exemptions under Section 11-35-33, Code.
(emphasis added).
The court did not make any particular findings here as to the propriety of service of process on Wayne Lee’s. Had the court determined that Wayne Lee’s Motion to Set Aside the Default Judgment remained before it for consideration, the court was required to make appropriate findings regarding the alleged defective service. Similarly, the court would have had to find that Mr. McKenna’s service of process on Johnny Hyatt, the Assistant Manager of Wayne Lee’s Lucedale store, was proper in order to declare the Default Judgment valid.
Because the record indicates that Wayne Lee’s withdrew its contest to the service of process and because the court made no specific findings regarding the service of process, the court by implication found that Wayne Lee’s did withdraw its Motion to Set Aside the Default Judgment. That finding is more than supported by the transcript. While it is clear that Wayne Lee’s withdrawal of its motion was based on its assumption that all issues were viable with the vehicle of the sworn declaration it was not expressly conditioned upon any assurance from the court or counsel opposite that this was so. Improper service of process is subject to waiver by acquiescence. See, Alger v. Hayes, 452 F.2d 841 (8th Cir.1972) The question of the sufficiency of service then is not properly before us.
II.
WHETHER OR NOT THE TRIAL COURT WRONGFULLY DENIED WAYNE LEE’S GROCERY AND MARKET, INC. THE OPPORTUNITY TO FILE ITS SWORN ANSWER TO LIMIT ITS LIABILITY.
By virtue of Rule 64, Mississippi Rules of Civil Procedure, garnishment proceedings are governed by statute. Miss. Code Ann. § 11-35-25 provides that
(1) Every person duly summoned as a garnishee shall answer on oath as to ... [w]hether he be indebted to the defendant or were so indebted at the time of the service of the writ on him ... [w]hat effects of the defendant he has or had at the time of the service of the writ on him ... [wjhether he knows or believes that any other person is indebted to the defendant ... [wjhether he knows or believes that any other person has effects of the defendant in his possession or under his control....
(2) In addition ... each person duly summoned as a garnishee in any case in *1301 which he be indebted to the defendant for wages, salary or other compensation shall answer on oath as to whether the defendant is an employee of the garnishee and, if so, the time interval between pay periods of the defendant including any specific day of a week or month on which such defendant is regularly paid.

Id.

Wayne Lee’s failed to answer. As a result, the court entered a default judgment against Wayne Lee’s pursuant to Miss.Code Ann. § 11-35-31, providing in part that “[i]f a garnishee, ... shall fail to answer as required by law, ... the court shall enter a judgment against him for the amount of the plaintiff’s demand; and execution shall issue thereon....” Id.
The statute supplies relief for the negligent garnishee by suspending the execution of the judgment if the garnishee files a “sworn declaration ... showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true.... ” Id. Compliance with this section of the code allows the garnishee to “limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney’s fees of the judgment creditor in said garnishment action.” Id. See also First Miss. Nat’l Bank v. KLH Indus., Inc., 457 So.2d 1333 (Miss.1984).
Wayne Lee’s filed a sworn declaration with the court below and thus was entitled to have its liability limited to the amount of Doug’s property and effects in its possession plus any indebtedness Wayne Lee’s owed to Doug in addition to court costs and attorney’s fees. The default judgment entered against Wayne Lee’s was in the full amount of the judgment rendered against Doug Lee, $52,631.24. The court below reduced this amount to $34,200.00 and an additional $1,331.10 in court costs and attorney’s fees. Wayne Lee’s put on proof to the effect that Doug’s non-exempt, take-home pay was exhausted by prior garnishments during the period in question. Commercial Properties contends and the trial court found that exemptions and prior garnishments were defenses which Wayne Lee’s could not assert without filing a timely answer. Implicitly, the court found that even the amounts Wayne Lee’s was compelled to withhold by our tax laws were properly a part of a judgment by default. We disagree.
Commercial Properties suggests that it should be put in a greater position with respect to an innocent third party due to failure to respond than would have been had response been made in a timely fashion. Section 11-35-23 defines the property bound by a writ of garnishment. As to wages it provides that “the writ shall bind the nonexempt percentage of disposable earnings, as provided by section 85-3-4.” Section 85-3-4 provides that, after 30 days of 100% exemption, the maximum percentage of disposable earnings subject to garnishment is 25%. Miss.Code Ann. § 85-3-4. Section 11-35-24 provides that an employee generally must honor multiple garnishments in the order received.
It is clear then that, had Wayne Lee’s answered the writ of garnishment when it was served, Commercial Properties would not have received a single penny in satisfaction of Doug’s debt, bécause Doug had no disposable wages not compelled by law to be held for the benefit of other judgment creditors. Commercial Properties seeks to exact a forfeiture of the entire gross salary paid to Doug because Wayne Lee’s failed to answer. It misinterpréts our garnishment law.
A garnishee is generally an innocent stakeholder prohibited only from doing anything to injure the parties to the debtor-creditor relationship. It may not, except at its own peril, transfer the effects bound by the garnishment but it has a right to surrender property to its true owner. State Farm Mut. Auto. Ins. Co. v. Sampson, 324 So.2d 739 (Miss.1975). Failure to answer a writ of garnishment is curable up to the point of execution on a resulting default judgment. Fed. Sav. & *1302 Loan v. S. & W. Const. Co., 475 So.2d 145 (Miss.1985). The penalty for failure to answer in a timely manner is bearing the expense of putting the creditor in the same position that it would have enjoyed had a timely answer been filed. In other words, the defaulting garnishee must pay over any amounts which would have been caught by the garnishment and pay costs and attorneys fees. First Miss. Nat’l Bank v. KLH Industries, 457 So.2d 1833 (Miss.1984).
Here, nothing was caught by the garnishment because as noted earlier, Doug had no nonexempt disposable earnings which were not subject to prior garnishments. Wayne Lee’s was liable only for attorneys fees and costs. The judgment of the court below must be reversed to the extent that it exceeds attorneys fees and costs.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.

. Mississippi Code Annotated, Section 11-35-31 provides as follows:
When garnishee fails to answer.
If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff’s demand; and execution shall issue tbereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debt- or, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such reasonable attorney's fees of the judgment creditor in said garnishment action.