LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On July 12, 2007, Southern Financial Systems, Inc. (Southern Financial), filed an open-account collection action in the Justice Court of Wayne County, claiming that Linda and Harry Laffitte failed to pay $1,873.70 owed to Wayne General Hospital. The justice court clerk issued summons to both Linda and Harry, directing them to appear at the justice court on August 15, 2007, at 10:30 a.m. Linda was personally served with process on July 18, 2007. Harry was personally served that same day, but he later claimed that he was never properly served with process.
 

 ¶ 2. The Laffittes failed to respond to Southern Financial’s complaint and failed to appear before the justice court to defend the action. The justice court entered a default judgment in favor of Southern Financial against the Laffittes in the amount of $1,873.70. The justice court issued a writ of garnishment on October 19, 2007, to Linda’s employer, C & C Foods in the amount of $1,933.70, which included the unpaid court costs. C & C Foods withheld this amount from Linda’s earnings.
 

 ¶ 3. On February 19, 2008, the Laffittes filed a motion to vacate the default judgment. On March 7, 2008, Southern Financial notified the justice court that the judgment had been satisfied. The garnishment was subsequently released. On April 23, 2008, the justice court dismissed the Laf-fittes’ motion to vacate the default judgment with prejudice. On April 23, 2008, the Laffittes filed an “amended notice of appeal” in the Wayne County Circuit Court. On May 23, 2008, the Laffittes filed a motion to vacate the default judgment in the circuit court, asking the circuit court to overturn the default judgment in the justice court pursuant to Rule 60(b) of the Mississippi Rules of Civil Procedure. Southern Financial filed a motion to docket and dismiss the appeal of the default judgment. After a hearing on the motions, the trial court affirmed the justice court’s order denying the Laffittes’ motion to vacate. The circuit court denied the Laffittes’ motion to vacate as well as a counterclaim for wrongful garnishment against Southern Financial, which was filed by Linda.
 

 ¶ 4. The Laffittes now appeal, asserting the following issues: (1) Harry was not properly served with process; (2) service of process on Linda was not in compliance with Mississippi law; (3) the circuit court
 
 *1238
 
 erred in finding it had no jurisdiction over their appeal; (4) Southern Financial’s claim against them was barred by the three-year statute of limitations; (5) Southern Financial did not meet its burden of proof entitling it to a default judgment; and (6) they were not required to post an appeal bond to perfect their appeal from the justice court to the circuit court. Finding no error, we affirm.
 

 DISCUSSION
 

 ¶ 5. The Laffittes list several assignments of error; however, the crux of this appeal is whether the circuit court abused its discretion in denying their Rule 60(b) motion. Although a Rule 60(b) motion was not the proper means of seeking relief from the justice court judgment, we will not simply dismiss the Laffittes’ appeal. Rather, we will review the circuit court’s decision to deny the Laffittes the relief they sought under the familiar abuse of discretion standard.
 
 Davis v. Nationwide Recovery Serv.,
 
 797 So.2d 929, 930(¶ 2) (Miss.2001).
 

 ¶ 6. The circuit court found that the Laffittes were attempting to relitigate the underlying issues resolved by the justice court’s default judgment; thus, they were not entitled to any relief provided under Rule 60(b). The circuit court noted that the appropriate avenue for the Laffittes to seek relief would have been to defend the action in justice court and subsequently file a timely appeal to the circuit court.
 

 ¶ 7. The circuit court did, however, address the issues presented by the Laffittes pursuant to Mississippi Code Annotated section 11-51-91 (Rev.2002), which provides that an appeal from justice court be heard anew in circuit court. In regard to Harry’s argument that he was not properly served with process, the circuit court found that Harry failed to produce credible evidence to support his claim. According to the record, the Wayne County constable filed a return with the justice court, indicating that he had personally served Harry on July 18, 2007. The constable also signed an affidavit attesting that he personally served Harry with a summons. Harry’s only proof to support his claim consists of his own affidavit stating he was not served with process. The circuit court found that Harry’s allegations were insufficient to overcome the presumption that a defendant was properly served when a properly executed return exists.
 
 McCain v. Dauzat,
 
 791 So.2d 839, 842(¶ 8) (Miss.2001). The circuit court further noted that Harry failed to timely challenge the service of process and, thus, waived his right to dispute the sufficiency of the process.
 
 See Wayne Lee’s Grocery & Market, Inc. v. Bay St. Louis, Miss. Commercial Props. Dev. Corp.,
 
 580 So.2d 1295, 1300 (Miss.1991).
 

 ¶ 8. In regard to service of process upon Linda, the circuit court noted that Linda admitted that she was personally served with process. Linda also argued that the summons itself was defective. However, the circuit court found that Linda had also waived her right to dispute the sufficiency of the process by failing to timely challenge the service of process.
 
 Id.
 
 We cannot find any abuse of discretion by the circuit court in finding that the service of process was proper.
 

 ¶ 9. The Laffittes contend that the circuit court erred in finding that it had no jurisdiction over the appeal. The circuit court specifically found that the Laffittes’ counterclaim for wrongful garnishment was an impermissible collateral attack of the default judgment. The supreme court has found that a party may not circumvent his or her failure to perfect a timely appeal of a default judgment against him or her in justice court by filing a claim in circuit court against a collection agency collaterally attacking the default judgment.
 
 Franklin Collection Serv. v. Stewart,
 
 863 So.2d
 
 *1239
 
 925, 930(¶ 13) (Miss.2003). We agree with the circuit court that the Laffittes cannot now attack the substance of the default judgment after failing to make a timely appeal of that judgment to the circuit court.
 

 ¶ 10. The Laffittes contend that the open-account claim by Southern Financial for collection in the justice court was barred by a three-year statute of limitations. The circuit court found that the Laffittes’ unpaid bills were owed to a governmental entity, Wayne County General Hospital; the hospital’s accounts were assigned to Southern Financial for collection purposes only; and the claim by Southern Financial was not time-barred pursuant to Mississippi Code Annotated section 15-1-51 (Rev.2003), which provides that the statute of limitations in civil cases shall not run against the state.
 
 See Parish v. Frazier,
 
 195 F.3d 761, 764 (5th Cir.1999).
 

 ¶ 11. The Laffittes also contend that Southern Financial did not meet its burden of proof entitling it to a default judgment. The circuit court found no merit to this issue, finding that the Laffittes were attempting to relitigate the issues. The circuit court further found that the Laffittes demonstrated no legitimate basis to set aside the default judgment. We agree with the circuit court’s findings.
 

 ¶ 12. Lastly, the Laffittes argue that the circuit court improperly found that they failed to post an appeal bond. The circuit court found no evidence that the Laffittes posted a bond pursuant to Uniform Rule of Circuit and County Court 5.09. In their brief, the Laffittes state that they posted a bond in the amount of zero dollars. The record contains no mention of an appeal bond. Regardless of whether the Laffittes filed an appeal bond or not, the circuit court addressed the merits of their arguments and found no reason to vacate the default judgment. We find no error and affirm.
 

 ¶ 13. Southern Financial asks for damages against the Laffittes pursuant to Mississippi Rule of Appellate Procedure 38 for filing a frivolous appeal. Rule 38 states that if an appellate court determines that an appeal is frivolous, “it shall award just damages and single or double costs to the appellee.” A pleading is considered frivolous when the pleader has no chance of success.
 
 Little v. Collier,
 
 759 So.2d 454, 458(¶ 20) (Miss.Ct.App.2000). We find that the Laffittes’ appeal was frivolous. The Laffittes failed to timely contest their liability or the garnishment of Linda’s paycheck. Both the justice court and the circuit court rejected the Laffittes’ arguments in proficient, written opinions. The Laffittes had no chance of success on appeal; thus, we find it appropriate to assess double costs of this appeal to the Laffittes.
 

 ¶ 14. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS AFFIRMED. DOUBLE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY.