ANDERSON, Justice,
for the Court:
Silvester Evans and Rose Mobile Homes sued W.P. Johnson of B & L Homes in the County Court of Lauderdale County for the recovery of a deposit made by Evans on a house trailer. The jury found for Evans, whereupon the county judge entered a j.n. o.v. On appeal to the Circuit Court of Lauderdale County, the circuit judge reversed the j.n.o.v. and reinstated the jury verdict.
It is not necessary to give a detailed account of the facts, or to give extended consideration to the legal issues urged in the briefs. We are compelled to reverse for a much simpler reason.
Appeals from county to circuit courts are governed by Mississippi Code Annotated § 11-51-79 (1972), which states in part: "Appeals from the county court shall be taken and bond given within ten days of the entry of the final judgment or decree on the minutes of the court....”
In the present case, the j.n.o.v. was entered on June 25, 1985. The appeal to circuit court was not filed until July 24. Nor was an appeal bond posted within the statutory period. Evans did file a motion to correct the j.n.o.v., but even that was dated July 17. In short, the appeal was not timely, and the circuit court had no power to hear it.
Evans’ reliance on Haralson v. State, 308 So.2d 222 (Miss.1975) is misplaced. In that case, we held that failure to give notice of an appeal did not deprive the higher court of appellate jurisdiction — but we later explained that the same was not true of failure to post the appeal bond. 308 So.2d at 224. In Williams v. Michael, 319 So.2d 226 (Miss.1975), an appellant failed to post the required bond and invoked Haralson to salvage his position. We replied:
The appellant has obviously interpreted Haralson to mean that the posting of an *571 appeal bond within the time prescribed by law is ... no longer jurisdictional but is now procedural and may be waived by the parties. This is not so.
319 So.2d at 227.
In other words, the failure to give notice to the court reporter is not jurisdictional, but the failure to post the bond is.
It follows that the circuit judge in the present case had no power to hear the appeal. The county judge’s j.n.o.v. had become the final disposition of this cause.
The circuit court’s judgment is reversed, and the county court’s j.n.o.v. is hereby reinstated.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, GRIFFIN and ZUCCARO, JJ., concur.
DAN M. LEE, P.J., not participating.