## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CP-00036-SCT

*JOSEPH DAVIS, JR.*

*v.*

*NATIONWIDE RECOVERY SERVICE, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/09/1999 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | MARIA M. COBB |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 03/29/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/19/2001 |

### BEFORE BANKS, P.J., SMITH AND WALLER, JJ.

### WALLER, JUSTICE, FOR THE COURT:

### INTRODUCTION

¶1. Nationwide Recovery Service, Inc., filed suit against Joseph Davis, Jr., in the County Court of the Second Judicial District of Harrison County to collect a past due balance on a Visa credit card issued by Bank of America NT&SA to Davis. The account was later assigned to Nationwide. A judgment was ultimately entered against Davis and no appeal was taken therefrom. Davis next filed two motions under M.R.C.P. 60. A motion under Rule 60(a) was never ruled upon, but the merits of the motion were incorporated into the Rule 60(b) motion, which was denied on February 8, 1999. Davis filed a "motion for appeal" from the denial of the Rule 60(b) motion on March 4, 1999. The Circuit Court of the Second Judicial District of Harrison County dismissed the appeal as untimely filed. Because the appeal was timely, we reverse the dismissal of the appeal from the Rule 60(b) motion and remand this matter to the circuit court for further proceedings consistent with this opinion.

### DISCUSSION

¶2. After a non-jury trial was held, a judgment was entered in favor of Nationwide on March 7, 1997. Almost six months later, on September 5, 1997, Davis filed a motion "pursuant to M.R.C.P. 60(a)" and a motion "pursuant to M.R.C.P. 60(b)." On February 8, 1999, the county court judge entered an order

denying the 60(b) motion. On March 4, 1999, Davis filed a motion for appeal, twenty-four (24) days after the order was entered. Our standard of review for evaluating the denial of a motion for relief from judgment is abuse of discretion. *Montgomery v. Montgomery*, 759 So. 2d 1238, 1240 (Miss. 2000).

¶3. Miss. Code Ann. § 11-51-79 provides that appeals from county court to circuit court shall be made within ten (10) days of the entry of judgment. However, U.R.C.C.C. 5.04 and 12.03 provide that such appeals be made within thirty (30) days of the entry of judgment.

¶4. We note that when the U.R.C.C.C. were adopted, the thirty-day period was used in the interest of promoting uniformity between our rules and the federal appellate rules which allow thirty days. With the adoption of the Rules of Civil Procedure and the Court's pronouncements in *Hall v. State*, 539 So. 2d 1338, 1345 (Miss. 1989), and *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975), we articulated its power to establish rules regarding appeals from court to court, and its mandate that such rules supercede statutes which are in conflict with the rules. *Accord, Van Meter v. Alford*, 774 So. 2d 430, 432 (Miss. 2000); *American Investors, Inc. v. King*, 733 So. 2d 830, 832 (Miss. 1999). While our own rulemaking power takes precedence, we note that, with the passage of H.B. No. 1207 during its 2001 regular session, the Legislature amended § 11-51-79 to replace the ten-day appeal period with the thirty-day appeal period, effective July 1, 2001.[1]

¶5. In accordance with the intentions of the Court as manifested in the U.R.C.C.C., and in *Hall* and *Newell*, we find that Davis' appeal from the denial of the Rule 60(b) motion was timely filed and that the circuit court abused its discretion in dismissing the appeal.

## CONCLUSION

¶6. Because the appeal of the denial of Davis' Rule 60 motion from the Harrison County Court to the Harrison County Circuit Court was timely, the order dismissing the appeal is reversed, and this case is remanded to the Harrison County Circuit Court for further proceedings consistent with this opinion.

¶7. **REVERSED AND REMANDED.**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR.**

1. The Governor has approved the legislation.