# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-01249-SCT

*BELMONT HOLDING, LLC*

*v.*

*DAVIS MONUMENTS, LLC AND JASON DAVIS,
INDIVIDUALLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2017 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| TRIAL COURT ATTORNEYS: | RUSSELL S. GILL |
| | JOSEPH R. TRAMUTA |
| | W. HARVEY BARTON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOSEPH R. TRAMUTA |
| | RUSSELL S. GILL |
| ATTORNEY FOR APPELLEES: | W. HARVEY BARTON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 09/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The present appeal stems from a circuit court's judgment dismissing an appeal from

county court for lack of appellate jurisdiction.  Discerning no error, we affirm.

## STATEMENT OF THE CASE

¶2.     Belmont Holding, LLC, filed a complaint in replevin in the County Court of Jackson

County against Davis Monuments, LLC, and Jason Davis, individually.  The case proceeded

to trial.  The county court denied the replevin and entered a final judgment.  Aggrieved by

the county court's final judgment, Belmont filed a notice of appeal within thirty days of the final judgment. However, Belmont did not pay the cost bond within thirty days of the final judgment as required by Mississippi Code Section 11-51-79 (Rev. 2012).

¶3. The Circuit Court of Jackson County, sitting as an appellate court, dismissed Belmont's appeal for lack of appellate jurisdiction because Belmont had failed to pay the cost bond within thirty days of the county court's final judgment as required by Section 11-51-79. Belmont appeals, arguing that the circuit court had appellate jurisdiction.

¶4. The overarching issue before the Court is whether the circuit court lacked appellate jurisdiction because Belmont had failed to pay the cost bond within the time period prescribed in Section 11-51-79. Because the circuit court lacked appellate jurisdiction due to Belmont's failure, we affirm the circuit court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶5. The pertinent procedural history and facts are not disputed. On March 8, 2016, Belmont filed a complaint in replevin against Davis in county court. Davis filed a counterclaim, and the case proceeded to a bench trial on March 28, 2016. On April 5, 2016, the county court entered an order denying the replevin, directing that Belmont immediately return certain property, and dismissing the case with prejudice. On April 12, 2016, Belmont filed a motion to alter or amend the judgment under Rule 59 of the Mississippi Rules of Civil Procedure. Belmont requested that the county court issue findings of fact and conclusions of law. On April 28, 2016, the county court entered a final judgment with findings of fact

and conclusions of law. Again, the county court denied the replevin and ordered Belmont to restore certain property to Davis.

¶6. On May 24, 2016, Belmont filed a notice of appeal. On May 26, 2016, the circuit clerk issued its estimated costs for appeal, which was $374. On the same day, the official court reporter issued its estimated cost for preparing the trial transcript, which was $38. According to Belmont, it paid the cost bond between June 8, 2016, and June 16, 2016.[1] On June 21, 2016, Belmont filed a certificate of compliance. On June 24, 2016, the circuit clerk entered a notation on the docket that $374 had been paid by reference to Belmont's check #1058.

¶7. On March 8, 2017, Belmont filed its brief in support of its appeal. On May 1, 2017, Davis filed a motion to dismiss the appeal for lack of jurisdiction because Belmont had failed to pay the cost bond within thirty days of the county court's final judgment. Davis argued that Belmont's failure to pay the appeal bond, *i.e.*, cost bond,[2] within thirty days was a

---

[1] In support, Belmont references a check in the amount of $412.40 dated June 8, 2016, which cleared on June 16. The actual amount of the cost bond is not at issue and not relevant for purposes of the issues on appeal. According to Davis and Belmont at the trial level, Belmont paid the cost of appeal in the amount of $374 on June 14, 2016. The circuit court later found that the appeal bond (or cost bond) had been paid on June 26, 2016, which is consistent with the trial court docket. Whether the cost bond was paid on June 8, June 14, June 16, or June 26, our analysis is not affected, because it is undisputed that Belmont did not timely pay its cost bond.

[2] The Court has explained: "The bond required to perfect an appeal is a cost bond, which is sometimes referred to as an appeal bond. The bond required to obtain a stay of execution of a judgment while the judgment is being appealed is a supersedeas bond, also referred to as an appeal bond." ***T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC***, 87 So. 3d 444, 448 (¶ 13) (Miss. 2012). The Court also cautioned that litigants "would be well served to use the terms 'cost bond' and 'supersedeas bond' as appropriate and avoid using the term 'appeal bond' to prevent confusion. ***Id***. at 449 n.6.

jurisdictional requirement. A hearing was held on June 13, 2017. At the hearing, Belmont argued that it was unable to pay the cost bond on time because the circuit court did not provide its estimate of cost until May 26, 2016. Davis argued that Belmont had a duty under Section 11-51-79 timely to pay the cost bond, regardless of what the clerk had done.

¶8. On June 26, 2017, the circuit court entered an order granting Belmont's motion to dismiss. The circuit court found that Davis's failure to post the cost bond within the statutorily mandated thirty days deprived it of jurisdiction. The circuit court found that Belmont had paid the appeal cost (cost bond), to the circuit clerk on June 24, 2016. The circuit court found in pertinent part that Belmont:

> did not file their notice of appeal until May 24, 2016, giving themselves only four days to perfect their appeal by posting a cost bond. By the time the Circuit Clerk provided their estimate, [Belmont] still had two (2) days to pay before time expired. [Belmont] did not pay the Clerk's estimated cost of appeal until almost a month after it was provided, well outside of the statutory period for filing a cost bond. Furthermore, Rule 11 of the Mississippi Rules of Appellate Procedure provide[s] that when an appellant is unable to receive an estimate of cost from the clerk then the appellant should calculate the cost of the appeal "at the statutory rate per page for the approximate number of pages of clerk's papers." As both the filing of an appeal and the posting of a cost bond are what give this Court jurisdiction to hear an appeal from County Court under Miss. Code Ann. [§] 11-51-79, this Court finds that the failure to pay the cost bond within the statutorily mandated thirty (30) days deprives this Court of jurisdiction.

¶9. On July 21, 2017, Belmont filed a motion to reinstate the appeal. Belmont argued that it was entitled to a notice of the deficiency of its appeal from the circuit clerk under Mississippi Rule of Appellate Procedure 2(a)(2). Belmont continued that the failure to give it official notice of the deficiency violated its due process rights. Belmont also argued that Section 11-51-79's requirement of the payment of the cost bond conflicts with Mississippi

4

Rule of Appellate Procedure 3, because Rule 3 provides that timely filing a notice of appeal is the only requirement to perfect an appeal. Belmont argued that, because of the conflict, Rule 3(a) supersedes Section 11-51-79.

¶10. On August 18, 2017, the circuit court denied Belmont's motion. The circuit court found that the failure to perfect an appeal by paying a cost bond is not a deficiency as contemplated by Rule 2 of the Mississippi Rules of Appellate Procedure. Belmont appeals, raising the following three issues:

1. Whether the Circuit Court of Jackson County, Mississippi [hereinafter "circuit court"] erred in finding that it lacked jurisdiction to hear Belmont's appeal under Miss. Code Ann. § 11-51-75 as a result of Belmont's failure to pay the [cost] bond within thirty (30) days following the final judgment of the County Court.

2. Whether the circuit court erred in finding that "the failure to perfect an appeal by paying a cost bond is not a 'deficiency' as contemplated by [M.R.A.P. 2]."

3. Whether the circuit court deprived Plaintiff of due process by dismissing its appeal for failure to timely pay the [cost] bond without prior formal notice of the deficiencies in its appeal from the clerk of the circuit court.

¶11. The overarching issue before the Court is whether the circuit court erred by determining that it lacked jurisdiction to hear Belmont's appeal because Belmont had failed to pay the cost bond within thirty days of the final judgment entered by the county court. The second and third issues are intertwined and related to the first. As such, the issues will be addressed together.[3]

---

[3] Because Belmont challenges the validity of Section 11-51-79, it necessarily challenges constitutionality of the statute. However, Belmont did not comply with Mississippi Rule of Appellate Procedure 44(a) by serving the Attorney General with a copy

## STANDARD OF REVIEW

¶12.    A *de novo* standard of review is applied to questions of law, legal conclusions, and jurisdictional questions. ***Aladdin Constr. Co. v. John Hancock Life Ins. Co.***, 914 So. 2d 169, 174 (¶ 8) (Miss. 2005).

## DISCUSSION

**Whether the circuit court had appellate jurisdiction.**

¶13.    Belmont argues that the circuit court erred by finding that it was deprived of jurisdiction by Belmont's failure to pay the cost bond within the statutorily mandated thirty days because the cost bond prepayment requirement of Section 11-51-79 is superseded by Mississippi Rules of Appellate Procedure 3(a) and 11(b)(1). We disagree for reasons further explained below. In short, the Mississippi Rules of Appellate Procedure do not supersede the jurisdictional requirements of Section 11-51-79. Even if they did, the Section 11-51-79 requirement comports with the applicable procedural rule, Uniform Rule of Circuit and County Court Practice 5.04, which requires that, in order to perfect an appeal from county to circuit court, the costs of the appeal be paid within thirty days of the entry of the judgment being appealed.

¶14.    Belmont also argues that the circuit court erred by finding that the failure to perfect an appeal by paying a cost bond is not a "deficiency" as contemplated by Rule 2 of the Mississippi Rules of Appellate Procedure, because a "deficiency" under Rule 2 specifically refers to the failure to comply with the Mississippi Rules of Appellate Procedure; and

of its brief challenging the validity of Section 11-51-79.

6

Belmont argues that the payment of a cost bond is governed by Rule 11(b)(1) of the Mississippi Rules of Appellate Procedure. Thus, Belmont argues that the circuit court deprived it of due process by dismissing its appeal for failure timely to pay the cost bond without prior formal notice of the deficiencies in its appeal from the circuit court clerk.

¶15. Belmont relies on *Van Meter v. Alford*, 774 So. 2d 430, 432 (¶¶ 1, 3) (Miss. 2000), in support of its argument that appeals from county courts to circuit courts are controlled by the Mississippi Rules of Appellate Procedure. In *Van Meter*, the case originated in county court, where the jury returned a verdict against Wallace Van Meter and in favor of Bobby Alford. *Id*. at 431 (¶ 1). A final judgment was entered on June 23, 1998, and, on July 23, 1998, Van Meter filed a notice of appeal and paid the clerk's filing fee. *Id*. at 431 (¶ 2). On September 2, 1998, Alford filed a motion to dismiss the appeal because Van Meter "had failed to comply with appellate procedure in several ways." *Id*. Specifically, Van Meter had been delinquent in filing a designation of record, an estimation of costs, and a Rule 11(b)(1) certificate of compliance. *Id*. at 432 (¶ 6). On September 4, 1998, Van Meter filed a designation of the record, a request for an estimate of costs, and a response to the motion to dismiss. *Id*. at 432 (¶ 2). The circuit court granted Alford's motion to dismiss Van Meter's appeal. *Id*.

¶16. On appeal, Van Meter argued that, after Alford had filed his motion to dismiss for failure to comply with the rules, he was not given fourteen days to correct the appeal's deficiencies, as required by Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure. *Id*. at 432 (¶ 3). In response, Alford argued that Rule 2 did not apply to appeals from county

court to circuit court. *Id*. We wrote that Rule 2(a)(2) applies to appeals from county court to circuit court. We also wrote that Rule 2(a)(2) "mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies." *Id*. We held that Van Meter therefore was deprived of due process when his appeal was dismissed because he was not given an official notice of deficiencies in his appeal by the circuit clerk. *Id*. at 432 (¶ 4). We remanded the case to the circuit court with instructions that the appropriate notice be issued to Van Meter informing him of the specific deficiencies in the appeal and giving him fourteen days to cure the deficiencies. *Id*. at 432 (¶ 5).

¶17.   In *Van Meter*, we also addressed whether the dismissal was "an appropriate sanction." *Id*. at 432-33 (¶¶ 6-10). We recognized that appellants are instructed to file a designation of record and an estimate of costs within seven days after the notice of appeal is filed. *Id*. at 432 (¶ 6) (citing M.R.A.P. 10(b)(1); M.R.A.P. 11(b)(1)). We also recognized that appellants are instructed to file simultaneously a Rule 11(b)(1) certificate when the estimate of costs is filed. *Id*. We determined that Van Meter's "deficiencies do not necessarily mandate a dismissal" because Rule 3(a) of the Mississippi Rules of Civil Procedure states that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the [appellate court] deems appropriate, which may include dismissal of the appeal." *Id*. at 432 (¶ 7). Based on the evidence in the record, we determined that lesser sanctions may have

been more appropriate and instructed the circuit court to consider lesser sanctions on remand. *Id*. at 433 (¶¶ 11-12).

¶18.     As noted by Davis, the *Van Meter* Court did not specifically address the failure to post a cost bond within thirty days as required by Section 11-51-79. In fact, the *Van Meter* Court did not mention Section 11-51-79 at all in its opinion. As such, jurisdiction was not in question. Indeed, Alford's motion to dismiss Van Meter's appeal was based on his failure to "comply with appellate *procedure* in several ways." *Id*. at 431 (¶ 2) (emphasis added). However, to the extent that *Van Meter* may be interpreted as holding that the bond requirement under Section 11-51-79 is not jurisdictional, but rather a deficiency under Rule 2(a)(2), such an interpretation is incorrect.

¶19.     Belmont argues that the payment of the cost bond required by Section 11-51-79 is in direct conflict with Mississippi Rule of Appellate Procedure 3(a), which provides that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal[.]" M.R.A.P. 3(a). Belmont also argues that the payment of the cost bond required by Section 11-51-79 is in direct conflict with Mississippi Rule of Appellate Procedure 11(b)(1), which provides that, "[w]ithin seven (7) days after filing the notice of appeal, the appellant shall estimate the cost of preparation of the record on appeal, including, but not limited to, the cost of the preparation of the transcript, and shall deposit that sum with the clerk of the court whose judgment or order has been appealed." M.R.A.P. 11(b)(1). Belmont argues that Section 11-51-79's cost bond requirement has no force or effect because, under Rule 3 of the Mississippi Rules of Appellate Procedure, "[a]ll

9

statutes, other sets of rules, decisions or orders in conflict with these rules shall be of no further force or effect." M.R.A.P. 3(a).

¶20. Belmont's arguments are without merit. "Th[e] Court repeatedly has held that statutory [cost] bonds are jurisdictional – that is, they relate to a court's appellate jurisdiction." *5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (¶ 22) (Miss. 2012).[4]

¶21. "The Mississippi Constitution of 1890 vests in this Court the 'inherent power . . . to promulgate procedural rules. . . .'" *5K Farms, Inc.*, 94 So. 3d at 227 (¶ 22) (quoting *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975)). "Th[e] holding rests on the 'fundamental constitutional concept of the separation of powers' defined in Article 1, Sections 1 and 2, and Article 6, Section 144." *Id*. (quoting *Newell*, 308 So. 2d at 76).

¶22. In contrast, the Mississippi Constitution of 1890 explicitly empowers the Legislature to set the appellate jurisdiction of circuit courts. Article 6, Section 156, provides: "The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be

---

[4] *See, e.g., **Jackson State Univ. v. Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc**., 952 So. 2d 184, 186 (Miss. 2007) (holding that, because plaintiff "fail[ed] to file a petition for writ of certiorari and to post a bond with security [in accordance with statute], the circuit court did not have jurisdiction . . . ."); **Miss. State Personnel Bd. v. Armstrong**, 454 So. 2d 912, 915 (Miss. 1984) ("Th[e] Court has repeatedly held that statutory bond requirements are jurisdictional."); **Wimley v. Reid**, 991 So. 2d 135, 139 (Miss. 2008) (holding that "pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits.").

prescribed by law." Thus, the Legislature establishes appellate jurisdiction, including circuit court appellate jurisdiction. *City of Jackson v. Allen*, 242 So. 3d 8, 15 (¶¶ 26-28) (Miss. 2018). The Mississippi Legislature has prescribed appellate jurisdiction in Mississippi's circuit courts over appeals from county courts in Section 11-51-79.

¶23. Section 11-51-79 provides, in pertinent part:

> Appeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court on application made therefor and bond given according to law, except as hereinafter provided. Such appeal shall operate as a supersedeas only when such would be applicable in the case of appeals to the Supreme Court. . . . Appeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court; provided, however, that the county judge may within said thirty (30) days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty (60) days from the date of the said final judgment or decree.

Miss. Code Ann. § 11-51-79. Therefore, under Section 11-51-79, for appeals from county court to circuit court, "the appellant is required to file notice of the appeal and post a bond within thirty days of the entry of the judgment." *T. Jackson Lyons & Assocs., P.A.*, 87 So. 3d at 449 (¶ 15). The bond required for appeals from county court is a cost bond, not a supersedeas bond because the statute specifically states that the appeal does not operate as a supersedeas unless it would be before the Supreme Court. *Id*. A cost bond commonly is referred to as an appeal bond. *Id*.

¶24. "Rule 11 is the 'cost bond' rule, and it provides that the 'appellant shall estimate the cost of preparation of the record on appeal' and pay that cost to the court clerk." *Id*. at 450 (¶ 20) (citing M.R.A.P. 11(b)). "The appellant must also file a Rule 11 certificate of compliance showing that the cost has been paid." *Id*.

11

¶25. While the Court has identified Rule 11 as the cost bond rule, we have unequivocally stated that "the cost bond, or payment of the cost of preparing the record, is a statutory requirement of appeal" under Section 11-51-79. *Id*. at 450 (¶ 21). "Statutory bond requirements are jurisdictional issues." *Id*. at 451 (¶ 22). Indeed, the "Court repeatedly has held that failure to post an appeal bond (being the cost bond required by Mississippi Code Section 11-51-79) within the time permitted by statute results in the circuit court's lack of jurisdiction." *Id*. The Court has explained the distinction between cost bonds and supersedeas bonds, which both commonly have been called appeal bonds:

> A cost bond is jurisdictional because it is a statutory requirement for an appeal. A supersedeas bond is not jurisdictional, unless a statute governing a certain type of appeal specifically requires a supersedeas bond. *See Phillips Constr.*[*v. Miss. State Highway Comm'n*], 420 So. 2d [1374,] 1375–76 [(Miss. 1982)]. Thus, a cost bond (or evidence of payment of the cost of preparing the record) must always be filed to perfect an appeal properly, but where the statute does not require a supersedeas bond, it is not a prerequisite for acquiring appellate jurisdiction.

*T. Jackson Lyons & Assocs., P.A.*, 87 So. 3d at 451 (¶ 23).

¶26. In *Johnson v. Evans*, 517 So. 2d 570 (Miss. 1987), the appellant failed to file a notice of appeal and pay a cost bond within the statutory period. We wrote that appeals from county courts to circuit courts are governed by Section 11-51-79. *Id*. At the time, Section 11-51-79 provided in part: "Appeals from the county court shall be taken and bond given within ten days of the entry of the final judgment or decree on the minutes of the court[.]" *Id*. at 570. The Court held that the appellant's failure to "post the bond" was jurisdictional, and, as a result, the circuit court had no power to hear the appeal. *Id*. at 571.

12

¶27.    In ***T. Jackson Lyons & Associates, P.A.***, the county court entered a final judgment

on February 4, 2010, and the appellant filed a notice of appeal the same day.  ***T. Jackson***

***Lyons & Assocs., P.A.***, 87 So. 3d at 452 (¶ 26).  On February 22, 2010, the appellant gave

$450 in cash to the court clerk to pay the estimated cost of preparing the record, and he filed

a Rule 11 certificate of compliance, evidencing the satisfaction of the statutory bond

requirement.  ***Id***.  We wrote that a literal bond was not needed because the cost bond was

satisfied in its entirety by the cash payment.  ***Id***.  Thus, the appellant's notice of appeal and

evidence of satisfaction of the cost bond were filed within thirty days as required by Section

11-51-79.  ***Id***.  Because the appeal was perfected properly, the Court held that the circuit

court had appellate jurisdiction over the matter.  ***Id***.

¶28.    In the case *sub judice*, however, it is undisputed that, while Belmont timely filed its

notice of appeal, it did not pay the cost bond within thirty days of the county court's final

judgment as required by Section 11-51-79.  Because Belmont failed timely to pay the cost

bond, the circuit court did not have appellate jurisdiction.

¶29.    The Court routinely has acknowledged the existence of statutes requiring parties to

post a bond as a condition precedent to perfecting their appeals from administrative agency

decisions.  *See* ***5K Farms, Inc.***, 94 So. 3d at 228-29 (¶¶ 27, 30) (holding that a statutory

pretrial bond requirement is a requirement governing appellate jurisdiction rather than a

procedural requirement).  We wrote that "[t]he existence of [such] statutes indicates that the

principle that bonds relate to appellate jurisdiction and hence are within the purview of the

Legislature is well grounded in Mississippi law."  ***Id***. at 228-29 (¶ 27); *see also* ***Robinson***

13

*v. Morgan*, 214 So. 3d 188, 191 (¶ 14) (Miss. 2017); *Miss. Dep't of Revenue v. AT & T Corp.*, 101 So. 3d 1139, 1148-49 (¶¶ 24-25) (Miss. 2012); *Khurana v. Miss. Dep't of Revenue*, 85 So. 3d 851, 855 (¶¶ 11-13) (Miss. 2012).

¶30. While the cases mentioned involved appeals to trial courts from administrative agency decisions, the principle remains the same. It is the prerogative of the Legislature to set the appellate jurisdiction of circuit courts; it is not the Court's prerogative to establish jurisdiction through rules of procedure.

¶31. Furthermore, the circuit court did not err by finding that the jurisdictional requirement to pay a cost bond is not a deficiency as contemplated by Mississippi Rule of Appellate Procedure 2. Rule 2(a) is inapplicable to the case *sub judice*. Rule 2(a) provides:

> (a) Dismissal of Appeal.
>
> (1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.
>
> (2) Discretionary Dismissal. An appeal may be dismissed upon motion of a party or on motion of the appropriate appellate court (i) when the court determines that there is an obvious failure to prosecute an appeal; or (ii) when a party fails to comply substantially with these rules. When either court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official. Motions for additional time in which to file briefs will not be entertained after the notice of the deficiency has issued.

M.R.A.P. 2.

¶32. At the hearing on the motion to dismiss the appeal, Davis argued that Section 11-51-79 requires the appellant to pay the cost bond regardless of what the clerks have done. We agree. Here, the circuit clerk was under no obligation to notify Belmont of its failure to comply with the statutory jurisdictional requirement of paying the cost bond. Rule 2 simply does not apply to the deficiency at issue here, *i.e.*, lack of jurisdiction. The deficiencies as described in Rule 2(a)(2) occur only "(i) when the court determines that there is an obvious failure to prosecute an appeal" or "(ii) when a party fails to comply substantially with these rules." The circuit court, sitting as an appellate court, did not enter a discretionary dismissal under Rule 2(a)(2) for the failure to comply with "these rules," *i.e.*, the Mississippi Rules of Appellate *Procedure*; rather, the circuit court dismissed the appeal for lack of appellate *jurisdiction*. As explained above, it is the Legislature's prerogative to set appellate jurisdiction of circuit courts. It did so in Section 11-51-79.

¶33. For the same reasons, Rule 2(a)(2)'s instruction to provide a defaulting appellant fourteen days to correct the appeal's deficiencies is not applicable. Belmont was not deprived of due process when its appeal was dismissed without notice under Rule (2)(a)(2) because its failure was not a *procedural* deficiency; rather, its appeal was dismissed for its failure to comply with the statutory *jurisdictional* requirement of timely paying the cost bond. Belmont's deficiency and due process arguments are without merit. The circuit court's judgment and our holding further comport with Uniform Rule of Circuit and County Court Practice 5.04, which governs the procedures for appealing matters from county courts to circuit courts. Consistent with Section 11-51-71, Rule 5.04 requires that the costs of the

15

appeal be paid within thirty days of the judgment or order being appealed in order for the appealing party to perfect the appeal.

## CONCLUSION

¶34. For the foregoing reasons, we affirm the circuit court's judgment.

¶35. **AFFIRMED**.

**RANDOLPH, P.J., BEAM, CHAMBERLAIN AND ISHEE, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J., AND KING, J.**

**WALLER, CHIEF JUSTICE, DISSENTING:**

¶36. Because I believe the statutory time limitation to pay a cost bond cannot supersede or impede the Court's constitutional authority to govern rules of practice and procedure, I respectfully dissent.

¶37. Davis contends that this Court already has held that a cost bond is jurisdictional because it is a statutory requirement for appeal. *See **T. Jackson Lyons & Assocs., P.A. v. Precious T. Martin, Sr. & Assocs., PLLC***, 87 So. 3d 444, 451 (Miss. 2012). I agree that the payment of the cost bond is jurisdictional. But I believe any deficiencies in the payment of the bond are addressed under the Mississippi Rules of Appellate Procedure. Davis paid the proper cost bond but failed to do so within thirty days because of his inability to find out how much to pay. This is a deficiency, not a failure. Under the rules of this Court, mandatory dismissal occurs only when the notice of appeal is not timely, which is not at issue here. M.R.A.P. 2(a)(1).

16

¶38. The *Lyons* case mixed statutes and court rules in its analysis but did not consider how deficiencies are addressed under Mississippi Rule of Appellate Procedure 2(a)(2). In fact, this Court found that the cost bond paid by Martin was sufficient. The issue on appeal was whether Martin properly filed a supersedeas bond:

> Lyons uses the term "appeal bond" but refers to Martin's motion to waive supersedeas bond and the $1,000 paid by Martin. In his motion to dismiss filed in circuit court, Lyons noted that the order allowing Martin to post bond in the amount of $1,000 did not state that the bond would supersede the judgment. While Lyons uses the term "appeal bond" for the bond requirement of Mississippi Code Section 11–51–79, he appears to be referring to a supersedeas bond.

*Lyons*, 87 So. 3d at 451.

¶39. So, *Lyons* does not support Davis's argument. The opinion discussed only the differences in "appeal bonds, cost bonds, and supersedeas bonds . . . to provide clarity." *Id*. at 448. More importantly, the authorities cited in *Lyons* regarding the statutory cost bond requirement predate the adoption of the Mississippi Rules of Appellate Procedure.[5] The other cases cited by Davis involved appeals to trial courts from administrative-agency decisions, not actions that originated in a trial court. *See 5K Farms, Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (¶ 22) (Miss. 2012) (appeal stemmed from a determination made by the Mississippi Tax Commission); *see also Jackson State Univ. v. Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc.*, 952 So. 2d 184, 186 (Miss. 2007) (appeal

---

[5] The Mississippi Rules of Appellate Procedure were adopted effective January 1, 1995. *See also* Supreme Court Rules (adopted January 1, 1988). Cases cited not involving administrative decisions include *Johnson v. Evans*, 517 So. 2d 571 (Miss. 1987); *Williams v. Michael*, 319 So. 2d 226 (Miss. 1975); *Parkman v. Miss. State Highway Comm'n,* 250 So. 2d 637 (Miss. 1971); *Carney v. Moore*, 130 Miss. 658, 94 So. 890 (1923); *Humphreys v. McFarland*, 48 So. 182 (Miss. 1909).

stemmed from the ruling of the JSU Student Life Disciplinary Committee); *Miss. State Personnel Bd. v. Armstrong*, 454 So. 2d 912, 915 (Miss. 1984) (appeal stemmed from the petitioner's failure to file a bond after a judgment from a hearing officer employed by the Mississippi Employee Appeals Board).

¶40. The ultimate effect of Mississippi Code Section 11-51-79 respecting conflicts with the rules of procedure adopted by this Court was addressed in *Davis v. Nationwide Recovery Ser., Inc.*, 797 So. 2d 929, 930 (Miss. 2001). At that time, Section 11-51-79 required that: "Appeals from the county court shall be taken . . . within ten (10) days from the date of entry of the final judgment[.]" Miss Code Ann. § 11-51-79 (1972), *amended by* Miss. Code Ann. § 11-51-79 (2001). This time limitation arguably is just as applicable to subject-matter jurisdiction as is the requirement to post a cost bond within thirty days. In *Davis*, the circuit court had dismissed Davis's appeal as untimely because of the ten-day limit set out in the statute. In reversing, this Court held unanimously that Uniform Rules of Circuit and County Court Practice 5.04 and 12.03 provided that appeals were to be made within thirty days:

> With the adoption of the Rules of Civil Procedure and the Court's pronouncements in *Hall v. State*, 539 So. 2d 1338, 1345 (Miss. 1989), and *Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975), we articulated its power to establish rules regarding appeals from court to court, and its mandate that such rules supercede statutes which are in conflict with the rules. *Accord*, *Van Meter v. Alford*, 774 So. 2d 430, 432 (Miss. 2000); *American Investors, Inc., v. King*, 733 So. 2d 830, 832 (Miss. 1999).

*Davis*, 797 So. 2d at 930.

¶41. While the cost bond is jurisdictional, deficiencies are addressed by court rules. This Court, in *Brown v. Collections, Inc.*, addressed the same statute at issue here, Section 11-51-

18

79. ***Brown v. Collections, Inc.***, 188 So. 3d 1171 (Miss. 2016). The statute at issue in ***Brown*** provided that *no* interlocutory appeals could be taken from county court. To take the argument of the majority and apply it here, the Legislature said there was no jurisdiction for an appeal from county court to circuit court. This Court unanimously held in ***Brown*** that there was a conflict between Section 11-51-79 and Mississippi Rule of Appellate Procedure 5, and that the rule controlled:

> So there is obviously a conflict between the statute and the rule-based interlocutory appeal procedure. When such a conflict exists, our court's rules trump statutory law. ***Stevens v. Lake***, 6115 So. 2d 1177, 1183 (Miss. 1993) ("statutes that conflict with rules adopted by the Court are void").

***Brown***, 188 So. 3d at 1177.

¶42. In ***Van Meter v. Alford***, 774 So. 2d 430 (Miss. 2000), Van Meter filed his appeal from county court to circuit court on the thirtieth day after judgment and paid the clerk's filing fee of $100. Van Meter's appeal contained a number of deficiencies, resulting in a motion and subsequent order of dismissal. On appeal, this Court held, among other things, that an appeal from county court to circuit court is governed by the Mississippi Rules of Appellate Procedure:

> The Court has previously addressed this issue in ***American Investors, Inc. v. King***, 733 So. 2d 830, 832 (Miss. 1999) ("An appeal from county court to circuit court is controlled by the Mississippi Rules of Civil Procedure . . . , the URCCC, and the M.R.A.P."). We specifically held that M.R.A.P. 2(a)(2) applies to appeals from county court to circuit court. *Id*. Rule 2(a)(2) mandates that, after a motion to dismiss has been filed, the court clerk (the circuit clerk in this instance) officially notify an appellant of deficiencies in his appeal and that the appellant be given fourteen (14) days therefrom to correct any deficiencies.

***Van Meter***, 774 So. 2d at 432.

¶43. The majority relies on Uniform Rule of Circuit and County Court Practice 5.04 to support its conclusion that the failure to pay the cost bond within thirty days of the judgment deprives the circuit court of appellate jurisdiction. Such summary treatment is contrary to the Mississippi Rules of Appellate Procedure. Rule 2 mandates dismissal only when the notice of appeal is not filed timely.

> (1) Mandatory Dismissal. An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.

M.R.A.P. 2(a)(1). The majority has, in effect, amended the Mississippi Rules of Appellate Procedure.

¶44. In my view, the late filing of an otherwise lawful appeal bond is a deficiency controlled by our rules. Mississippi Rule of Appellate Procedure 2(a)(2) requires that the court clerk officially notify Belmont Holdings of the deficiency. As stated in *Van Meter*, the lack of notice is a deprivation of due process:

> Van Meter was therefore deprived of due process when his appeal was dismissed because he was not given an official notice of deficiencies in his appeal by the circuit clerk. Alford's motion to dismiss cannot be substituted for an official notice of deficiencies from the court clerk. Even where a party has moved to dismiss, the plain language of the rule requires a notice from the clerk of the deficiency and a fourteen day opportunity to cure the deficiency.

*Van Meter*, 774 So. 2d at 432

¶45. In conclusion, the automatic dismissal required by the majority for the failure to pay or post a cost bond within thirty days under Section 11-51-79 and Uniform Rule of Circuit and County Court Practice 5.04 conflicts with the Mississippi Rules of Appellate Procedure. I would reverse the circuit court's judgment of dismissal and remand for further proceedings.

20

**KITCHENS, P.J., AND KING, J., JOIN THIS OPINION.**