# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00353-COA

WILLIAM T. WHITE                                              APPELLANT

v.

PATSY B. WHITE                                               APPELLEE

DATE OF JUDGMENT:              08/21/2017
TRIAL JUDGE:                   HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:     PIKE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        WILLIAM T. WHITE (PRO SE)
ATTORNEY FOR APPELLEE:         PAUL E. ROGERS
NATURE OF THE CASE:            CIVIL - REAL PROPERTY
DISPOSITION:                   AFFIRMED - 09/22/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     William White appealed from the county court's order of eviction to the Pike County Circuit Court. White failed to pay the cost bond within the statutorily required thirty days, and we therefore affirm the dismissal of White's appeal because the circuit court lacked appellate jurisdiction.

## DISCUSSION

¶2.     White argues that the circuit court committed manifest error and abused its discretion in dismissing his appeal and for dismissing it without first sending him a notice-of-deficiency letter. *See* M.R.A.P. 2(a)(2). The Mississippi Supreme Court addressed these precise issues in *Belmont Holdings LLC v. Davis Monuments LLC*, 253 So. 3d 323 (Miss. 2018). As in the

present case, Belmont Holdings (Belmont) filed an appeal from a county court's judgment with the circuit court, but the circuit court dismissed the appeal due to Belmont's failure to pay the cost bond within thirty days as required under Mississippi Code Annotated section 11-51-79 (Rev. 2012). *Id*. at 326 (¶13). Noting that "[a] cost bond is jurisdictional because it is a statutory requirement for an appeal," the supreme court determined that the circuit court lacked appellate jurisdiction. *Id*. at 329-30 (¶¶25, 28). The *Belmont* court further rejected the argument that the failure to perfect an appeal by paying the cost bond was a "deficiency," requiring notice under Mississippi Rule of Appellate Procedure 2(a)(2). *Id*. at 331 (¶32). "Belmont was not deprived of due process when its appeal was dismissed without notice under Rule (2)(a)(2) because its failure was not a *procedural* deficiency; rather, its appeal was dismissed for its failure to comply with the statutory *jurisdictional* requirement of timely paying the cost bond." *Id*. at (¶33).

¶3. Accordingly, as the circuit court lacked appellate jurisdiction, we find no error in the court's dismissal of White's appeal.[1]

¶4. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**

---

[1] On July 31, 2018, White filed a 26-page pro se motion raising a variety of matters including those which would ordinarily be contained in the appellant's brief. Out of an abundance of caution, we passed the motion for consideration with the merits of the appeal. None of the arguments or requests contained in the motion alters our determination that the circuit court properly dismissed the appeal. Therefore, we dismiss the motion as moot.