# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-01265-SCT

*DANIEL SHOPE*

*v.*

*DR. MICHAEL WINKELMANN AND HIS*
*PERSONAL CAPACITY AND NEW SOUTH*
*NEUROSPINE CLINIC, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/03/2020 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| TRIAL COURT ATTORNEYS: | ABBY GALE ROBINSON |
| | H. WESLEY WILLIAMS, III |
| | ROY A. SMITH, JR. |
| | CHRIS J. WALKER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT SHULER SMITH |
| | ABBY GALE ROBINSON |
| ATTORNEYS FOR APPELLEES: | H. WESLEY WILLIAMS, III |
| | ROY A. SMITH, JR. |
| | CHRIS J. WALKER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 10/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a circuit court's judgment dismissing an appeal from county

court for lack of appellate jurisdiction.

**FACTS AND PROCEDURAL HISTORY**

¶2.    Daniel Shope became a patient of Dr. Michael Winkelmann at NewSouth Neurospine in 1995.  Following a back surgery, Shope continued to experience lower back pain. Shope was referred to Dr. Winkelmann for an evaluation.

¶3.    Dr. Winkelmann recommended a course of opioid medication to enable Shope to participate in physical therapy and to return to work.  In January 2013, Shope signed a NewSouth Neurospine Pain Management Policy, which specifically provided that Dr. Winkelmann could stop prescribing any or all medications if Shope used any illegal substances.

¶4.    In May 2014, Dr. Winkelmann informed Shope that he had been noncompliant with the pain-management policy and ceased his patient-physician relationship with Shope.  Shope filed a complaint against Dr. Winkelmann on November 20, 2018, in the County Court of Rankin County.

¶5.    The county court granted summary judgment to Dr.Winkelmann and NewSouth on July 6, 2020, finding that the claim was barred by the two-year statute of limitations.  Two days later, Shope filed a notice of appeal in the circuit court and designated the record.  That same day, Dr. Winkelmann filed a Mississippi Rule of Civil Procedure 59 motion to alter or amend the judgment, which requested that the trial court consider relief under Mississippi Rule of Civil Procedure 11 and the Litigation Accountability Act.  The notice of appeal was suspended until disposition of the posttrial motions.

¶6.    Meanwhile, Shope received a cost estimate from the clerk on July 17, 2020, for $4,825.20 for the designation of the entire record.  Shope submitted an amended designation

of the record, designating "ONLY Plaintiff's pleadings" along with certain other documents.[1]
The clerk submitted a revised estimate on July 27, 2020, in the amount of $2,593.20, which Shope paid.

¶7.    The trial court ruled on Dr. Winkelmann's motion on September 4, 2020, issuing a bench opinion under seal finding damages and issuing a supplemental monetary judgment. Dr. Winkelmann and NewSouth then designated the record on September 8, 2020. Based upon those designations, the clerk submitted an amended estimate of the cost of preparing the record on September 15, 2020. The total was $4,297.50, plus $348 from the court reporter, less prepayment by Shope of $2,593.50 for a balance of $2,052.

¶8.    By October 4, 2020, thirty days after the trial court had ruled on Dr. Winkelmann's posttrial motion, Shope had not paid the balance. Shope argued that under the Mississippi Rules of Appellate Procedure, he was only obligated to pay for the portions of the record that he designated. On October 16, 2020, Dr. Winkelmann filed a motion to dismiss Shope's appeal due to lack of appellate jurisdiction.

¶9.    On October 23, 2020, Shope paid the balance of the cost bond in the amount of $2,052, plus an additional $500. That same day, he filed a certificate of compliance.

¶10.    On November 3, 2020, the circuit court issued an order dismissing the appeal. Shope filed his notice of appeal in this Court on November 4, 2020.[2]

---

[1] For example, Shope designated his motion for partial summary judgment and a supporting memorandum, but he failed to designate Dr. Winkelmann's and NewSouth's responses to the motion and supporting memoranda.

[2] There is no appellate record from the proceedings held before the county court because Shope did not timely pay the cost bond. Consequently, the county court clerk did

3

## DISCUSSION

### I.     Standard of Review

¶11.     "A *de novo* standard of review is applied to questions of law, legal conclusions, and jurisdictional questions." ***Belmont Holding, LLC v. Davis Monuments, LLC***, 253 So. 3d 323, 326 (Miss. 2018) (citing ***Aladdin Constr. Co. v. John Hancock Life Ins. Co.***, 914 So. 2d 169, 174 (Miss. 2005)).

### II.     Whether the circuit court had appellate jurisdiction.

¶12.     Shope's argument is two-fold. First, Shope argues that he timely filed his appeal after the final order was entered. Second, he disputes that he is responsible for payment of portions of the record.

¶13.     An appeal from county court to circuit court is a two-step process involving the timely filing of the notice of appeal and the timely payment of costs, as governed by Mississippi Code Section 11-51-79 and Uniform Civil Rule of Circuit and County Court Practice 5.04.

¶14.     Mississippi Code Section 11-51-79 provides: "Appeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court[.]" Miss. Code Ann. § 11-51-79 (Rev. 2019).

¶15.     Likewise, Rule 5.04 provides: "In all appeals, whether on the record or by trial de novo, the notice of appeal and payment of costs must be simultaneously filed and paid with the circuit court clerk within thirty (30) days of the entry of the order or judgment being

---

not prepare the record for appeal. The record that this Court has for purposes of this appeal are the pleadings that were filed with the circuit court.

4

appealed.  The timely filing of this written notice and payment of costs will perfect the appeal." Unif. Civ. R. Cir. & Cnty. Ct. P. 5.04.

¶16.    Shope contends that he timely filed his appeal after the order was entered on July 6, 2020, and that the trial court lost jurisdiction once the notice of appeal was filed.  However, Shope's notice of appeal was suspended until disposition of the Rule 59 motion, which occurred on September 4.

¶17.    Rule 4 of the Mississippi Rules of Appellate Procedure provides that "[a] notice of appeal filed after announcement or entry of the judgment but before the disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding." Miss R. App. P. 4(d).

¶18.     Here, the judgment of the county court became final and Shope's notice of appeal became effective on September 4, 2020, when the trial court ruled on the pending Rule 59 motion.  Therefore, Shope had thirty days from this date, or until October 5, 2020, to pay all costs. Shope failed to do so.

¶19.    Shope argues that his failure to pay the costs to prepare the record was a mere deficiency under the Mississippi Rules of Appellate Procedure for which he was entitled to notice, relying on *Van Meter v. Alford*, 774 So. 2d 430 (Miss. 2000).  While it is true that *Van Meter* involved the dismissal of an appeal from county to circuit court, Van Meter was reversed because he was deprived of due process by not being given notice of deficiencies

in his appeal. ***Belmont***, 253 So. 3d at 327-28. ***Van Meter*** is distinguishable. In ***Belmont***, the Court addressed ***Van Meter*** in detail:

> the ***Van Meter*** Court did not specifically address the failure to post a cost bond within thirty days as required by Section 11-51-79. In fact, the ***Van Meter*** Court did not mention Section 11-51-79 at all in its opinion. As such, jurisdiction was not in question. Indeed, Alford's motion to dismiss Van Meter's appeal was based on his failure to "comply with appellate *procedure* in several ways." ***Id.*** at 431 (¶ 2) (emphasis added). However, to the extent that ***Van Meter*** may be interpreted as holding that the bond requirement under Section 11-51-79 is not jurisdictional, but rather a deficiency under Rule 2(a)(2), such an interpretation is incorrect.

***Belmont***, 253 So. 3d at 328.

¶20. Van Meter is not applicable to the issue in this appeal because the motion to dismiss Shope's appeal was based on lack of appellate jurisdiction. Here, the circuit court expressly referenced Section 11-51-79 and Shope's failure to timely pay the cost bond and determined that it lacked jurisdiction.

¶21. Lastly, Shope disputes that he is responsible for the portions of the record designated by Dr. Winkelmann on September 8, 2020, after he paid the estimate from the clerk on the portions of the record he designated.[3]

¶22. Dr. Winkelmann filed his designation of the record after the Rule 59 motion had been addressed. The clerk issued an amended cost estimate, which Shope had until October 5 to pay. He did not pay the bond until October 23, one week after Dr. Winkelmann moved to dismiss the appeal.

---

[3]This payment was made after he filed his notice of appeal but before the notice became effective.

¶23. Mississippi Code Section 11-51-29 says, "appellant shall prepay all of the costs in the lower court including the cost of the preparation of the record of the proceedings in the trial court." Miss. Code Ann. § 11-51-29 (Rev. 2019). The statute is also consistent with Uniform Civil Rule of Circuit and County Court Practice 5.09, which provides that "the appellant . . . . shall pay all court costs incurred below and likely to be incurred on appeal as estimated by the circuit court clerk." Unif. Civ. R. Cir. & Cnty. Ct. P. 5.09. Not only is the payment of costs a requirement; it is jurisdictional. *Belmont*, 253 So. 3d at 328. *Belmont* is instructive.

¶24. After the trial court entered its final judgment, Belmont filed a rule 59 motion. *Id.* at 324. The order was entered on April 28, 2016. *Id.* Belmont filed his notice of appeal on May 24, allowing himself only four days to pay the cost estimate. *Id.* The clerk issued a cost estimate on May 26, leaving Belmont two days to pay it. *Id.* Belmont paid the cost bond more than thirty days after April 28, the day the trial court ruled on the Rule 59 motion. *Id.* The circuit court dismissed the appeal, and this Court affirmed. *Id.* at 326. This Court held that failure to post a cost bond within the time provided Mississippi Code Section 11-51-79 results in the circuit court's lack of jurisdiction. *Id.* at 329 (citing *T. Jackson Lyons & Assocs.*, 87 So. 3d 444, 445 Miss. 2012).

¶25. Here, Shope's appeal was not timely perfected due to failure to pay all costs estimated by the county court clerk. While Shope was convinced that he was not required under the rules to pay for portions designated by Dr. Winkelmann, Mississippi Rule of Appellate Procedure 10 expressly provides that "[t]he clerk and reporter shall prepare the additional

parts at the expense of the appellant unless the appellant obtains from the trial court an order requiring the appellee to pay the expense." Miss. R. App. P. 10(b)(4). Shope never sought an order from the trial court seeking to shift the cost.

¶26. We affirm the ruling of the circuit court, which correctly determined that it lacked appellate jurisdiction due to Shope's failure to pay for costs to prepare the record for appeal.

## CONCLUSION

¶27. Because Shope failed to pay the cost bond within the time provided by statute, his appeal was not perfected, and the circuit court lacked appellate jurisdiction. Therefore, Dr. Winkelmann's motion to dismiss the appeal was appropriately granted. We affirm the circuit court's judgment.

¶28. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**