# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-01427-COA

**GEORGE HERNING**                                                  **APPELLANT**

**v.**

**LAKEVIEW S/C PARTNERS, LTD.**                                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/03/2021 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | WILLIAM ALEX BRADY II MICHELLE LUBER ELLIOTT |
| ATTORNEY FOR APPELLEE: | MATTHEW WARD McDADE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/25/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1.     Lakeview S/C Partners Ltd. (Lakeview) filed a lawsuit in the Harrison County County Court to recover damages from George Herning pursuant to a lease agreement for which Herning was a guarantor.  The county court granted summary judgment in favor of Lakeview.  Five days later, the county court entered a final judgment in the matter and awarded Lakeview monetary damages against Herning.  Following the county court's denial of his motion to reconsider, Herning appealed to the Harrison County Circuit Court. Although Herning timely filed his notice of appeal pursuant to Mississippi Code Annotated section 11-51-79 (Rev. 2019), he failed to pay the associated cost bond within the thirty-day

period required by statute. Herning later paid the cost bond, but because he did so outside the thirty days provided by section 11-51-79, Lakeview filed a motion to dismiss the appeal. The circuit court granted Lakeview's motion and dismissed Herning's appeal for lack of jurisdiction. Aggrieved, Herning appeals from the circuit court's order. Finding no error, we affirm.

## DISCUSSION

¶2. In relevant part, section 11-51-79 provides the following:

> Appeals from the law side of the county court shall be made to the circuit court . . . . Appeals from the county court shall be taken and bond given within thirty (30) days from the date of the entry of the final judgment or decree on the minutes of the court; provided, however, that the county judge may within said thirty (30) days, for good cause shown by affidavit, extend the time, but in no case exceeding sixty (60) days from the date of the said final judgment or decree.

Thus, section 11-51-79 "requires a party appealing from county court to circuit court to 'file notice of the appeal *and post a bond*' within thirty days of the entry of judgment in the county court." *Keller v. State*, 330 So. 3d 788, 790 (¶2) (Miss. Ct. App. 2021) (quoting *T. Jackson Lyons & Assocs. P.A. v. Precious T. Martin Sr. & Assocs. PLLC*, 87 So. 3d 444, 448 (¶12) (Miss. 2012)).

¶3. As we recently explained in *Keller*,

> [i]n a series of cases, our Supreme Court has made clear that the cost bond (or prepayment of costs) required by section 11-51-79 is jurisdictional because it is a statutory requirement for an appeal. Therefore, if the appellant fails to timely pay his cost bond, his appeal is not perfected, and the circuit court has no choice but to dismiss the case for lack of appellate jurisdiction.

*Id.* at 790-91 (¶4) (citations and internal quotation mark omitted).

¶4. We apply de novo review "to questions of law, legal conclusions, and jurisdictional questions." *Gibson v. Bell*, 312 So. 3d 318, 321 (¶10) (Miss. 2020) (quoting *Belmont Holding LLC v. Davis Monuments LLC*, 253 So. 3d 323, 326 (¶12) (Miss. 2018)). Here, Herning does not dispute that the requirement to obtain a cost bond for an appeal from county court to circuit court is jurisdictional. Nor does he dispute that he failed to pay the cost bond for his appeal from county court within the thirty days required by statute. Instead, Herning asserts that he made a good-faith attempt to timely pay the cost bond and that extenuating circumstances preclude the mandatory dismissal of his appeal from the county court to the circuit court.

¶5. To support his argument, Herning relies on an affidavit he provided to the circuit court from a paralegal employed by his attorneys. The paralegal had personally filed Herning's notice of appeal at Harrison County's Second Judicial District Courthouse in Biloxi. According to the paralegal, a deputy clerk assisted her with timely filing the notice of appeal. The paralegal stated in her affidavit that after she handed the deputy clerk the notice of appeal and a check for $200, the deputy clerk called the appeals clerk at the Gulfport courthouse. The paralegal avowed that following the phone call, the deputy clerk returned the check and stated that no amount was owed for an appeal from county court to circuit court. Sixteen days later, Herning received the estimated costs for the appeal, which he paid within fourteen days, as the notice directed. As discussed, Herning contends on appeal that these facts provided extenuating circumstances that should have precluded the dismissal of his appeal from county court for lack of jurisdiction. As a result, Herning asks this Court to

reverse the circuit court's order of dismissal and to remand this matter for further proceedings.

¶6. The circumstances surrounding Herning's failure to timely pay his cost bond are remarkably similar to those recently presented in *Keller*. In response to a motion to dismiss his appeal from county court, Keller asserted the following facts before the circuit court:

> [A] paralegal employed by his attorney had contacted the circuit clerk and "asked if a new bond needed to be filed." Keller further asserted that the circuit clerk told the paralegal "that no new bond was needed" because the bond Keller had filed to appeal from justice court to county court "would carry over."

*Keller*, 330 So. 3d at 791 n.3. In affirming the dismissal of Keller's appeal because he failed to timely pay the statutorily required cost bond, this Court noted that "[a]n allegation that the circuit clerk gave erroneous instructions regarding a cost bond will not excuse an appellant's failure to comply with the statute's jurisdictional requirement." *Id.* (citing *Gibson*, 312 So. 3d at 324 (¶25); *Belmont Holding*, 253 So. 3d at 331 (¶32)). Rather, "[i]t is the duty of the appellant and his attorney to satisfy the statutory requirements for perfecting an appeal." *Id.*

¶7. Based on our review of the record and prior caselaw, we affirm the circuit court's dismissal of Herning's appeal for lack of jurisdiction. The undisputed evidence shows that Herning failed to pay the cost bond for his appeal within the thirty-day period provided by statute. The statutorily required cost bond is jurisdictional, and therefore Herning's failure to timely pay the cost bond prevented the circuit court from acquiring jurisdiction over his appeal.

## CONCLUSION

¶8.   Because Herning failed to perfect his appeal from county court to circuit court, we affirm the circuit court's order dismissing the appeal for lack of jurisdiction.

¶9.   **AFFIRMED.**

   **BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. LAWRENCE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**