# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-SA-01363-SCT

*WAYNE COUNTY SCHOOL DISTRICT*

*v.*

*J. ED MORGAN, IN HIS OFFICIAL CAPACITY*
*AS THE COMMISSIONER OF REVENUE OF THE*
*MISSISSIPPI DEPARTMENT OF REVENUE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/04/2015 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE, JR. |
| TRIAL COURT ATTORNEYS: | C. TED SANDERSON, JR. |
| | JAMES L. POWELL |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | C. TED SANDERSON, JR. |
| | LESLIE BOUNDS |
| | CHARLES WEIL GOLDBERG, JR. |
| ATTORNEYS FOR APPELLEE: | JAMES L. POWELL |
| | SYLVIE D. ROBINSON |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND BEAM, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After this Court held in *Jones County School District v. Mississippi Department of Revenue*, 111 So. 3d 588 (Miss. 2013), that a school district was not liable for oil and gas severance taxes on royalties derived from oil and gas production on sixteenth-section land, the Chancery Court of Wayne County held that Wayne County School District (WCSD) was owed interest by the Mississippi Department of Revenue (MDOR) on its overpayment of

severance taxes at the rate of one percent (1%) per month. The chancellor determined, based on Section 27-65-53 of the Mississippi Code, that the payment should start on June 5, 2013, ninety days after this Court's ruling in *Jones County*. Finding that the chancellor correctly applied the statute, we affirm the judgment of the chancery court.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW

¶2. On October 7, 2008, WCSD filed a claim for refund of severance taxes paid to MDOR on oil and gas production from sixteenth-section lands located within the county. WCSD supplemented its claim on June 7, 2011, and on April 10, 2013, for a total refund claim in the amount of $2,345,560. MDOR denied WCSD's initial claim for a refund, arguing that no express exemption from taxation was provided for school districts and sixteenth-section lands in the oil and natural gas severance tax statutes of the Mississippi Code.

¶3. While WCSD's refund claim was pending, the Jones County School District (JCSD) filed suit against MDOR, after it was denied a similar refund request. On May 5, 2011, the chancery court entered its Final Judgment, reversing MDOR's denial of refund claims to JCSD. On March 7, 2013, this Court issued its opinion finding that school districts were not liable for oil and gas severance taxes on sixteenth-section royalty interests. *Jones County Sch. Dist. v. Dep't of Revenue*, 111 So. 3d 588, 605 (Miss. 2013). This Court also held that no statutes of limitation applied to the school district's refund claims. *Id.* at 607.

¶4. Following this Court's holding, MDOR agreed to pay WCSD's refund claim and began making payments in January 2014. WCSD filed its Complaint for Declaratory Judgment on April 9, 2014, seeking interest on its refund claim at the rate of one percent,

2

beginning ninety days after WCSD filed its application for refund. As of the date of this appeal, MDOR has refunded WCSD $2,345,560 for oil and gas severance taxes and $26,927.02 in interest.

¶5. On July 22, 2014, a hearing was held on WCSD's complaint. WCSD argued that Section 27-65-53 of the Mississippi Code mandated that MDOR pay interest beginning ninety days after the application for refund was filed and ending on the date full payment was made. MDOR argued that interest would not begin to accrue until MDOR finalized the amount of refund owed. However, MDOR conceded that the more accurate date would be the date that the Supreme Court made its ruling.

¶6. The chancellor held that:

> the 90-day time for payment of the refund commenced on the date that the Supreme Court determined that the tax was unlawful. At that point in time, the Department had 90 days to refund to the Wayne County School District the amount of their then pending claim, which I understand was $1,568,301.60.

On August 4, 2015, the chancery court entered its final judgment ordering MDOR to pay WCSD "interest on severance taxes paid to the State on royalty interests on oil and gas severed and produced from the County's sixteenth-section lands." The chancellor found that MDOR should "calculate the interest owed WCSD at the rate of one percent (1%) per month starting on June 5, 2013, allowing the Department 90 days, pursuant to Miss. Code Ann. § 27-65-53, from the date of the Mississippi Supreme Court's opinion." MDOR was ordered to pay additional interest in the amount of $182,953.75, receiving credit for the $26,927.02 in interest previously paid to WCSD. MDOR timely paid WCSD the additional interest ordered by the chancellor. Aggrieved with the chancellor's ruling, WCSD filed this appeal.

## ISSUES

¶7.     WCSD raised the following issues (listed verbatim):

I.      **Whether the ruling by the chancellor that MDOR should calculate interest on WCSD's severance tax overpayment at the rate of one percent (1%) per month starting on June 5, 2013, which was 90 days after the Supreme Court's opinion in *Jones Cty. Sch. Dist. v. Miss. Dep't of Revenue*, 111 So. 3d 588 (Miss. 2013), was incorrect as a matter of law since it is contrary to Miss. Code Ann. § 27-65-53, 3rd par. (1972).**

II.     **Whether Miss. Code Ann. § 27-65-53, 3rd par., requires the payment of interest on WCSD's overpayment of severance taxes at the rate of one percent (1%) per month starting ninety (90) days after WCSD filed the subject application for refund.**

III.    **Whether the balance owed to WCSD under Miss. Code Ann. § 27-65-53, 3rd par., should be calculated pursuant to the so-called "United States Rule" under which MDOR payments are first allocated to accrued interest and then to the principal portion of the tax overpayment debt, or by first allocating MDOR payments to the principal portion of the tax overpayment.**

IV.     **Whether the Court should award additional interest under MRAP 37 if the overpayment interest amount is calculated by applying MDOR payments first to the underlying tax overpayment resulting in a frozen amount of interest owed as of the last refund payment by MDOR.**

## ANALYSIS

¶8.     This Court applies a *de novo* standard of review when reviewing questions of law. *Natchez Equip. Co., Inc. v. Gibbs*, 623 So. 2d 270, 273 (Miss. 1993). When engaging in statutory interpretation, this Court's duty is "to neither broaden nor restrict the legislative act." *Miss. Dep't of Transp. v. Allred*, 928 So. 2d 152, 156 (Miss. 2006). Additionally,

4

"courts cannot restrict or enlarge the meaning of an unambiguous statute." ***Green v. Cleary Water, Sewer & Fire Dist.***, 910 So. 2d 1022, 1027 (Miss. 2005).

> [When] considering a statute passed by the Legislature, . . . the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction. Whether the statute is ambiguous or not, the ultimate goal of this Court is to discern and give effect to the legislative intent.

***Allred***, 928 So. 2d at 154 (quoting ***City of Natchez v. Sullivan***, 612 So. 2d 1087, 1089 (Miss.1992) (citations omitted)).

¶9.     The collective issue presented on appeal is, based on the set of facts presented in today's case, when interest begins running on the overpayment of severance tax pursuant to Mississippi Code Section 27-65-53. Section 27-65-53 reads in pertinent part that:

> If any overpayment of tax as reflected in an application or amended return, or both, filed by the taxpayer, and verified by the commissioner or otherwise determined to be due by the commissioner or commission, is not refunded or credited to a taxpayer's account *within ninety (90) days after the application or amended return is filed **or** the date the commission or commissioner determines a refund is due, **whichever is later**,* interest at the rate of one percent (1%) per month shall be allowed on such overpayment computed for the period after expiration of the ninety-day period provided herein to the date of payment.

Miss. Code Ann. § 27-65-53 (Rev. 2010) (emphasis added). Based on a plain reading of the unambiguous statute, the chancellor correctly determined that "the 90-day time for payment of the refund commenced on the date the Supreme Court determined that the tax was unlawful," which coincided with the date the Commission acted.[1] As argued by the

---

[1] We recognize that the date this Court rules and the date the Commission acts may not always coincide. Based upon the facts presented in today's case, the two dates were the same.

Commission, "the Commission determined a tax refund was owed to WCSD upon the Court's issuance of the *Jones County* opinion." This statute neither contains language restricting the nature of the Commissioner's determination regarding the refund nor does it exclude any determinations based on court rulings. To inject such restrictions would require a departure from the plain-language approach required when a statute, such as this one, is unambiguous.

¶10.    Since the plain language of the statute requires MDOR to pay interest only if it fails to issue a complete refund within ninety days after the later of either (1) the date the application is submitted, or (2) the date the Commissioner determines a refund is due, MDOR owes interest in this matter beginning ninety days after this Court issued the *Jones County* opinion.

¶11.    Because the chancellor's ruling was proper based on the plain language of Section 27-65-53, it is not necessary to address WCSD's remaining issued raised regarding calculation of the balance owed or additional interest.

## CONCLUSION

¶12.    Based upon the above analysis, we affirm the judgment of the chancery court.

¶13.    **AFFIRMED.**

**DICKINSON, P.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.  WALLER, C.J., NOT PARTICIPATING.**