# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CA-00191-SCT

*IN THE MATTER OF THE CRIDER FAMILY
SHARE TRUST AND THE ESTATE OF
LAWRENCE EDWIN CRIDER, DECEASED:
NATHAN D. RICKLIN AND MEGAN R.
WOOLWINE, IN THEIR CAPACITY AS
REMAINDERMEN OF THE CRIDER FAMILY
SHARE TRUST*

*v.*

*HAIDEE OPPIE SHEFFIELD, TRUSTEE OF THE
CRIDER FAMILY SHARE TRUST, AND
JULIETTE HU CRIDER, INCOME BENEFICIARY
OF THE CRIDER FAMILY SHARE TRUST*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2021 |
| TRIAL JUDGE: | HON. MARK ANTHONY MAPLES |
| TRIAL COURT ATTORNEYS: | G. CHARLES BORDIS, IV |
| | MICHAEL E. WHITEHEAD |
| | EDWARD C. TAYLOR |
| | NATHAN LAMAR PRESCOTT |
| | LAUREN REEDER MCCRORY |
| | KATIE RYAN VAN CAMP |
| | FREDERICK T. HOFF, JR. |
| | HENRY LAIRD |
| | HAIDEE LEAH OPPIE SHEFFIELD |
| | PAUL M. NEWTON, JR. |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | HENRY LAIRD |
| | FREDERICK T. HOFF, JR. |
| ATTORNEYS FOR APPELLEES: | PAUL M. NEWTON, JR. |
| | HAIDEE LEAH OPPIE SHEFFIELD |
| | JAMES H. HEIDELBERG |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 02/08/2024 |
| MOTION FOR REHEARING FILED: | |

**CONSOLIDATED WITH**

**NO. 2022-CA-01225-SCT**

*IN THE MATTER OF THE ESTATE OF
LAWRENCE EDWIN CRIDER, DECEASED:
NATHAN D. RICKLIN AND MEGAN R.
WOOLWINE*

*v.*

*HAIDEE SHEFFIELD, TRUSTEE OF THE
CRIDER FAMILY SHARE TRUST, AND
JULIETTE HU CRIDER, INCOME BENEFICIARY
OF THE CRIDER FAMILY SHARE TRUST*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2022 |
| TRIAL JUDGE: | HON. MARK ANTHONY MAPLES |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | HENRY LAIRD |
| | FREDERICK T. HOFF, JR. |
| ATTORNEYS FOR APPELLEES: | JAMES H. HEIDELBERG |
| | PAUL M. NEWTON, JR. |
| | HAIDEE LEAH OPPIE SHEFFIELD |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 02/08/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Before the Court is an issue of first impression regarding Mississippi's Principal and Income Act of 2013, codified in Mississippi Code Section 91-17-401 (Rev. 2021).  The Court has never interpreted the Act, and the parties request that we do so to give guidance to trustees and to the chancery courts.  The Crider Family Share Trust was formed on April 19, 2021, and Haidee Oppie Sheffield was appointed as the Trustee.  The Trust named

Juliette Crider as the income beneficiary and Nathan Ricklin and Megan Woolwine as remainder beneficiaries. Ricklin and Woolwine ask the Court to find that the Trustee of the Crider Family Share Trust, Sheffield, breached her fiduciary duty owed to them when she transferred a substantial distribution from Muskegon Energy Co. to the income beneficiary, Crider, instead of to them, the remainder beneficiaries. Specifically, Ricklin and Woolwine assert that the Jackson County Chancery Court erred in its interpretation of the Principal and Income Act.

¶2. In general, Section 91-17-401 directs trustees to allocate money received to the income beneficiary; however, the statute provides that money received from an entity in partial liquidation should be allocated to principal rather than income. Ricklin and Woolwine initiated the present action, arguing that as Trustee, Sheffield had failed to properly allocate Muskegon's distribution, allegedly in partial liquidation, to them as remainder beneficiaries. The Jackson County Chancery Court found in favor of Sheffield, however, after determining that Muskegon's distribution was not in partial liquidation as purported because Ricklin and Woolwine had failed to initially subtract the income tax paid by the Trust on the distributions as required under Section 91-17-401(e).

¶3. On appeal, Ricklin and Woolwine rely upon a California Court of Appeals case, which implied that income taxes should be ignored in determining whether a distribution is made in partial liquidation, and the Act's unofficial comments. The Court affirms the chancellor's interpretation of the Act and rules that, as a threshold matter, when determining whether an

entity's distribution is in partial or full liquidation, Section 91-7-401(e) mandates that such determination be done on a post-tax basis. In so doing, it is clear that the distributions at issue fall well below the 20 percent threshold after reducing income taxes paid by the Trust. Therefore, we affirm the chancellor's ruling that Muskegon's distributions were not in partial liquidation and thereby also uphold the trial court's determination that Trustee Sheffield did not breach any duty owed to Ricklin and Woolwine.

## FACTS

¶4.    The Crider Family Share Trust held Muskegon Energy Co. common stock and received two distributions from Muskegon in 2021. In June, Muskegon distributed $79,660 to the Trust, and in November it distributed $796,600 to the Trust. The Trustee allocated the total, $876,260.00, to Crider, the income beneficiary. Thereafter, on November 30, 2021, remainder beneficiaries Ricklin and Woolwine filed a Motion to Stay and Object to a Proposed Distribution from the Crider Family Share Trust and for Directions in the Jackson County Chancery Court, seeking to have the distribution paid to them rather than to Crider. Specifically, Ricklin and Woolwine asserted in their motion that Muskegon's distribution should have been allocated to them as remainder beneficiaries rather than to Crider, the income beneficiary, by virtue of Mississippi Code Section 91-17-401(d)(2) (Rev. 2021).

¶5.    On December 16, 2021, however, the chancellor denied Ricklin and Woolwine's motion, finding that the Trustee had adhered to the Principal and Income Act, Mississippi's trust laws, and the Trust itself. Ricklin and Woolwine filed a notice of appeal on March 2,

4

2022, but then requested the Court to stay the appeal in light of newly discovered evidence pursuant to Mississippi Rule of Civil Procedure 60 on May 26, 2022. The Court obliged. A hearing was held in chancery court on October 4, 2022, and the parties produced their own experts. The chancellor issued an order on November 30, 2022, in which he declined to alter his previous ruling in favor of Sheffield. Ricklin and Woolwine filed their second notice of appeal on December 6, 2022, and the Court consolidated both appeals on December 12, 2022.

¶6.     Ricklin and Woolwine argue that pursuant to Mississippi Code Section 91-17-401, as remainder beneficiaries, they are entitled to the Muskegon distributions because, by their calculations, the dividend payout equaled 21.945 percent of Muskegon's assets, thereby constituting partial liquidation; and the Trustee breached her fiduciary duty owed them as remainder beneficiaries by failing to determine whether the distributions were made in partial liquidation before allocating the funds to Crider. Ricklin and Woolwine ask the Court to reverse and remand the case to the Jackson County Chancery Court to compel Sheffield to allocate Muskegon's distribution to them as remainder beneficiaries and hold that she breached her fiduciary duty.

**STANDARD OF REVIEW**

¶7.     The Court reviews the chancellor's interpretation and application of the law *de novo*. *Miss. Baptist Found. v. Fitch*, 359 So. 3d 171, 174 (¶ 6) (Miss. 2023). Further, "[w]hether the statute is ambiguous or not, the ultimate goal of [the Court] is to discern and give effect

5

to the legislative intent[,]" and the Court should "neither broaden nor restrict the legislative act." ***Wayne Cnty. Sch. Dist. v. Morgan***, 224 So. 3d 539, 542 (¶ 8) (Miss. 2017) (internal quotation mark omitted) (quoting ***Miss. Dep't of Transp. v. Allred***, 928 So. 2d 152, 154, 156 (Miss. 2006)). Finally, the denial of a Rule 60 motion is reviewed for abuse of discretion. ***Montgomery v. Montgomery***, 759 So. 2d 1238, 1240 (¶ 5) (Miss. 2000).

## DISCUSSION

**A.** **Whether Muskegon's distribution was made in partial liquidation, thereby triggering Section 91-17-401(c).**

¶8. Mississippi Code Section 91-17-401, states, in pertinent part:

(b) Except as otherwise provided in this section, a trustee *shall allocate to income* money received from an entity.

(c) A trustee *shall allocate* the following receipts from an entity to *principal*:

. . . .

. . . .

(3) Money received in total or partial liquidation of the entity; and

. . . .

(d) Money is received in partial liquidation:

(1) To the extent that the entity, at or near the time of a distribution, indicates that it is a distribution in partial liquidation; or

(2) If the total amount of money and property received in a distribution or series of related distributions is *greater than twenty percent (20%) of the entity's gross assets* as shown by the entity's year-end financial statements immediately preceding the initial receipt.

6

(e)     Money is not received in partial liquidation, nor may it be taken into account after subsection (d)(2), to the extent that it does not exceed the amount of income tax that a trustee or beneficiary must pay on taxable income of the entity that distributes the money.

Miss. Code Ann. § 91-17-401 (Rev. 2021) (emphasis added).

¶9.     Thus, Section 91-17-401 lays out the general rule that money received from an entity shall be allocated to income and sets forth four exceptions to that general rule.

¶10.    First, it is evident that Muskegon has not indicated that the 2020 distributions were in partial liquidation under Section 91-17-401(1); indeed, Muskegon's president, Joel R. Myler, stated that the company has no intention of liquidating its assets, neither partially nor fully. Therefore, the only available avenue of recovery for Ricklin and Woolwine is to prove that Muskegon's 2020 distributions were greater than 20 percent of the entity's gross assets under Section 91-17-401(d)(2).

¶11.    Ricklin and Woolwine calculated that Muskegon's distributions constituted 21.945 percent of its gross assets.  In reaching the figure, Ricklin and Woolwine's determined that Muskegon's total distributions for the year 2021 were $35,650,940, and its 2020 gross assets were $159,793,260.  Thus, Ricklin and Woolwine divided the 2021 distribution by the 2020 gross assets to reach 21.945 percent.

¶12.    Sheffield, on the other hand, argues that Muskegon's distributions only constituted 13.6 percent of its gross assets.  She agreed that Muskegon's 2021 distributions were $35,650,940, but, in contrast, she found that Muskegon's 2020 gross assets were $257,669,786.  Sheffield asserts that Ricklin and Woolwine's calculation was incorrect

7

because they failed to properly calculate Muskegon's *gross assets* as provided in Section 91-17-401(d)(2) but rather relied on Muskegon's *total assets*. Specifically, she argues that, under the general definition of gross assets (the fair market value unencumbered by any liabilities), Muskegon's 2020 assets had to be adjusted for that year's depreciation and depletion. Muskegon's depreciation for 2020 was $59,971,529, and its depletion for 2020 was $41,064,248, thereby making the 2020 gross assets $257,669,786.

¶13. Moreover, even if Ricklin and Woolwine had properly calculated Muskegon's 2020 gross assets, Sheffield points out that their determination would still be flawed because they failed to consider Section 91-17-401(e) in their calculations; indeed, Ricklin and Woolwine's expert admitted that subsection (e) would change the results. Sheffield's expert found that the total distributions, less the tax liability, reduced the percentage of distribution of assets to roughly 15 percent.

¶14. In response, Ricklin and Woolwine cite ***Scurrah v. Elder***, an unpublished California Court of Appeals case that implicitly held the amount of income tax is ignored when determining partial liquidation. ***Scurrah v. Elder***, No. B268995, 2017 WL 3866784 (Cal. Ct. App. 2017). Ricklin and Woolwine further bolster their argument by referencing comments to the Principal and Income Act that, in their view, refute the plain meaning of subsection (e) and instead mandate that the partial liquidation calculation is determined on a post-tax basis. The Court notes, however, that Mississippi has neither adopted any comments to its Principal and Income Act nor any holding in ***Scurrah***, an unpublished,

8

nonbinding opinion from another jurisdiction; thus, we remain unmoved by Ricklin and Woolwine's argument, which is inapposite to the plain reading of subsection (e). In contrast, Sheffield's expert, Turner Berry, who chaired the drafting committee revising the Principal and Income Act, testified that, regarding subsection (e) of Section 91-17-401:

> Q. [W]hat is the effect of provision "E", what does it do?
>
> A. What it's trying to do is say that when a trust receives a distribution, and it's doing the 20 percent calculation, it needs to – what the appraisers would call, tax effect those earnings, so that you assume that the income tax is paid and then you do your calculation. You don't do it on a pretax basis.

¶15. The chancellor was unpersuaded by the California case cited by Ricklin and Woolwine and opted instead to rely on the language of the statute, which, as elaborated by Berry, requires the inclusion of the tax effects when determining the 20 percent calculation. The chancellor ultimately opined: "Given the presumption that money received from an entity is income unless an exception is proved by [Ricklin and Woolwine], this Court finds insufficient evidence has been presented thus far to change the previous ruling of the Court." The Court affirms the chancellor's ruling. Section 91-17-401(e) clearly mandates that taxes be deducted at the outset for purposes of Section 91-17-401(d)(2).

> **B. Whether Sheffield, as Trustee of the Crider Family Share Trust, breached the fiduciary duty owed by her to the remainder beneficiaries, Ricklin and Woolwine.**

¶16. Ricklin and Woolwine argue that Sheffield is liable for breach of fiduciary duty for failing to calculate whether the distributions were in partial liquidation to determine whether

9

to allocate the funds to the income beneficiary or the remainder beneficiaries. Sheffield, on the other hand, argues that she did not breach any duty owed to Ricklin and Woolwine because she complied with the Trust Agreement, which states in pertinent part:

> The income beneficiary of this trust shall be Juliette Hu Crider. . . . The trustee shall distribute, in convenient installments being quarterly if possible, but in any event at least annually, ***all of the trust accounting net income of this trust to the income beneficiary.***

(Emphasis added.)

¶17.    The chancellor agreed with Sheffield and found that she was not liable to Ricklin and Woolwine because she reasonably relied on the terms of the Trust.[1]  The evidence in the record supports the chancellor's finding that Sheffield complied with both the Trust Agreement and Mississippi's Trust Code.  Therefore, the Court affirms the chancellor's ruling.

## CONCLUSION

¶18.    We affirm the judgment of the Jackson County Chancery Court.  An entity's partial liquidation calculations should be determined on a post-tax basis as provided under Section 91-17-401(e).

¶19.    **AFFIRMED.**

    **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[1]Mississippi Code Section 91-8-1006 (Rev. 2021) states: "A trustee who acts in reasonable reliance on the terms of the trust as expressed in the trust instrument is not liable to a beneficiary for a breach of trust to the extent the breach resulted from the reliance."

10