# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KM-00121-COA

**EDDIE GRAY HOLT A/K/A EDDIE HOLT A/K/A**          **APPELLANT**
**EDDIE GREY HOLT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2023 |
| TRIAL JUDGE: | HON. ROBERT THOMAS BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES A. WILLIAMS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | VACATED AND REMANDED - 08/13/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Eddie Gray Holt was convicted of simple domestic assault in municipal court. He appealed to the county court, received a bench trial de novo, and was again convicted. Holt then appealed to the circuit court, but his appeal was dismissed for failure to timely file his appellate brief. Holt appeals that dismissal, arguing that he was entitled to notice and an opportunity to file his brief. We agree. But the State argues for the first time on appeal that the circuit court lacked appellate jurisdiction because Holt failed to timely prepay the costs of his appeal. Because the record is insufficient to decide that issue, we vacate the circuit court's order dismissing Holt's appeal and remand the case to the circuit court to determine

whether it obtained appellate jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     Holt was convicted of simple domestic violence in Meridian Municipal Court, sentenced to serve ten days in jail, and ordered to pay a fine.  He appealed his conviction to the County Court of Lauderdale County, where he again was convicted following a bench trial de novo.  The county court entered its judgment of conviction on October 6, 2021.  Holt was again sentenced to ten days in jail and ordered to pay a fine, as well as court costs.

¶3.     On the day the county court entered its judgment of conviction, Holt filed a notice of appeal to the Lauderdale County Circuit Court.  That same day, he also filed a "certificate of compliance," which certified that "the estimate cost of preparing the transcript on appeal is $324.00" and that Holt's counsel had "on or before th[at] day deposited the same with Court Reporter Jacqueline Wahler."  The certificate of compliance also bears a handwritten and initialed notation regarding additional court costs, but it does not expressly certify that Holt had paid those costs.

¶4.     On January 12, 2022, Wahler filed the transcript of Holt's county court trial.  On March 25, 2022, the circuit clerk moved for an extension of time to prepare the record on appeal, and the county court granted that extension, finding that,

> on October 6, 2021, Counsel for [Holt] did timely file a Notice of Appeal, Certificate of Compliance, and Designation of the Record.  Bond payment and advanced appeal cost were received by the Lauderdale Circuit Clerk's office on November 16, 2022 [sic].[1]  On January 12, 2022, the Court Reporter submitted the transcript which was filed on that day.  Due to human error and

---

[1] The date should be November 16, *2021*.  The docket states that the court received "$582.00 from [Holt's attorney] for advanced appeal cost" on November 16, 2021.

2

> miscommunication the Circuit Clerk's office has not timely filed the appeal with the Circuit Court of Lauderdale County as of [March 29, 2022]. To ensure no party is prejudiced by this delay, . . . the Motion for extension of time shall be granted.

The circuit clerk completed and filed the record on April 4, 2022.

¶5. For nearly eight months, Holt took no action in his appeal. But after obtaining new counsel, Holt recognized that the forty-day window to file his brief in the circuit court had lapsed, *see* M.R.A.P. 31(b), and on November 30, 2022, he filed a motion for additional time to file his brief. Holt argued that dismissal would be improper because the clerk never issued a deficiency notice as required by Mississippi Rule of Appellate Procedure 2(a)(2).

¶6. The State opposed Holt's motion, and the circuit court dismissed the appeal, citing Mississippi Rules of Appellate Procedure 2(a)(2) and 31(b) and Holt's months of inaction.

¶7. On appeal before this Court, Holt has raised the same issue. He argues that the circuit court erred by dismissing his appeal because he never received an official deficiency notice or an opportunity to cure the deficiency. The State fails to address that issue and instead argues that this Court should affirm the dismissal of Holt's appeal on the alternative ground that the circuit court lacked appellate jurisdiction. According to the State, Holt failed to comply with the jurisdictional requirements of Mississippi Code Annotated section 11-51-79 (Rev. 2019) by not posting a cost bond within thirty days of his conviction in county court. In his reply brief, Holt argues that section 11-51-79 cannot impose jurisdictional requirements that conflict with the Mississippi Rules of Criminal Procedure. According to Holt, the Rules of Criminal Procedure provide that the filing of a notice of appeal is sufficient to perfect the appeal. *See* MRCrP 30.1.

3

## ANALYSIS

¶8.     We review a lower court's dismissal of an appeal de novo. *Smith v. City of Saltillo*, 44 So. 3d 438, 440 (¶5) (Miss. Ct. App. 2010). Likewise, we review jurisdictional issues de novo. *Gibson v. Bell*, 312 So. 3d 318, 321 (¶10) (Miss. 2020).

### I.      The circuit court erred by dismissing Holt's appeal for failure to file a brief.

¶9.     On appeal, there is no dispute that the circuit court dismissed Holt's appeal without the circuit clerk first providing written notice of the deficiency and fourteen days to cure the deficiency. The dismissal of Holt's appeal on that ground runs afoul of our precedent and the Rules of Appellate Procedure. Rule 2(a)(2) provides that

> [w]hen either [the Supreme Court or the Court of Appeals] . . . determines that dismissal may be warranted under this Rule 2(a)(2), the clerk of the Supreme Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within fourteen (14) days after notification, the appeal shall be dismissed by the clerk of the Supreme Court.

M.R.A.P. 2(a)(2).[2] Moreover, our Supreme Court has held that it would deprive the appellant of due process to dismiss the appeal without first providing official written notice of any deficiency and an opportunity to cure. *Van Meter*, 774 So. 2d at 432 (¶4); *accord Pilate v. Miss. Dep't of Emp. Sec.*, 282 So. 3d 566, 568-70 (¶¶9-12) (Miss. Ct. App. 2019).

¶10.    Here, there is no dispute that the clerk did not give Holt official written notice that his appeal was deficient, nor was Holt allowed fourteen days to cure the deficiency. Moreover,

---

[2] Although Rule 2(a)(2) refers to "the clerk of the Supreme Court," the circuit clerk is responsible for giving such notice in an appeal to the circuit court. *Van Meter v. Alford*, 774 So. 2d 430, 432 (¶3) (Miss. 2000).

the State does not dispute that the circuit court erred by dismissing the appeal on this ground.[3]

Clearly, the circuit court erred by dismissing Holt's appeal without first providing him official written notice of the deficiency and an opportunity to cure.

## II. The record is insufficient to determine whether the circuit court had appellate jurisdiction.

¶11. Although the circuit court dismissed the appeal for an erroneous reason, the State argues that we should affirm the dismissal because the circuit court lacked jurisdiction over the appeal. Specifically, the State contends that Holt failed to perfect his appeal because he failed to post a cost bond within the time required by section 11-51-79. In response, Holt argues that Mississippi Rule of Criminal Procedure 30.1, which does not require a cost bond, controls and overrides the requirements of section 11-51-79.

¶12. The Mississippi Constitution provides that the circuit courts shall have "such appellate jurisdiction as shall be prescribed by law," Miss. Const. art. 6, § 156, thereby granting the Legislature "the prerogative . . . to set the appellate jurisdiction of circuit courts." *Belmont Holding LLC v. Davis Monuments LLC*, 253 So. 3d 323, 330 (¶30) (Miss. 2018). Relatedly, the Mississippi Supreme Court has stated that it has no authority "to establish [the circuit courts' appellate] jurisdiction through rules of procedure." *Id.* Our Supreme Court has clearly held that section 11-51-79's cost bond requirement is a "*jurisdictional* requirement." *Id.* at 331 (¶33). Accordingly, the Rules of Criminal Procedure cannot, as Holt contends, supersede the statutory requirements for perfecting an appeal to the circuit court. *See id.* at 326-31 (¶¶13-33); *Gibson*, 312 So. 3d at 322 (¶14).

---

[3] As noted above, the State fails to address the issue.

¶13. Although section 11-51-79 appears in Title 11 of the Mississippi Code, which is captioned "Civil Practice and Procedure," the State argues that the statute applies to both civil and criminal appeals. In relevant part, the statute reads:

> Appeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court on application made therefor and bond given according to law, except as hereinafter provided. . . . Appeals from the county court shall be taken *and bond given* within thirty (30) days from the date of the entry of the final judgment or decree . . . . Provided, however, that when appeals are taken in felony cases which have been transferred from the circuit court to the county court for trial, and have been there tried, such appeals from the judgment of the county court shall be taken directly to the Supreme Court.

Miss. Code Ann. § 11-51-79 (emphasis added). In *Keller v. State*, 330 So. 3d 788 (Miss. Ct. App. 2021), we applied this statute and affirmed the circuit court's dismissal of a criminal appeal for lack of jurisdiction due to the appellant's failure to timely post a cost bond. *Id.* at 790-91 (¶¶1-6). There, we accepted without analysis that the statute applied in criminal cases.[4] We now directly address that issue and agree with the State that the statute applies to both civil and criminal appeals.

¶14. "Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature." *Nissan N. Am. Inc. v. Tillman*, 273 So. 3d 710, 715 (¶15) (Miss. 2019) (quoting *Miss. State & Sch. Emps.' Life & Health Plan v. KCC Inc.*, 108 So. 3d 932, 936 (¶10) (Miss. 2013)).

---

[4] On appeal before this Court, Keller had ignored the circuit court's order of dismissal, section 11-51-79, and its requirement of a cost bond. *Keller*, 330 So. 3d at 791 (¶5). As this Court noted, "Keller completely fail[ed] to address the circuit court's order dismissing his appeal for lack of jurisdiction"; instead, he "challenge[d] the sufficiency of the evidence" against him and alleged that the county court committed "various other errors" during his trial de novo. *Id.*

6

"[T]he ultimate goal of this Court in interpreting a statute is to discern and give effect to the legislative intent." *Id.* (quoting *Wayne Cnty. Sch. Dist. v. Morgan*, 224 So. 3d 539, 542 (¶8) (Miss. 2017)). "[T]his Court always starts statutory interpretation by looking at the plain language of the statute." *Lawson v. Honeywell Int'l Inc.*, 75 So. 3d 1024, 1027 n.4 (Miss. 2011). We also consider "the statute's historical background, its subject matter, and the purposes and objects to be accomplished." *Bell v. State*, 160 So. 3d 188, 193 (¶14) (Miss. 2015) (brackets omitted).

¶15. Looking first to its plain language, section 11-51-79 generally governs *all* appeals from county court, providing that "[a]ppeals from the law side of the county court shall be made to the circuit court, and those from the equity side to the chancery court." Miss. Code Ann. § 11-51-79. Moreover, the statute's only exception presupposes that it generally governs criminal appeals. The statute excludes only a specific subset *of criminal appeals* from its coverage, stating—as an exception to the circuit courts' general appellate jurisdiction—that "appeals . . . *in felony cases which have been transferred from the circuit court to the county court for trial*, and . . . there tried, . . . shall be taken directly to the Supreme Court." *Id.* (emphasis added). This exception clearly implies that the statute governs all other criminal appeals from county court. Thus, the statute's plain language indicates that it applies to civil and criminal appeals alike.

¶16. Moreover, while we acknowledge that the statute is presently codified in Title 11 of the Mississippi Code, which is captioned, "Civil Practice and Procedure," the statute's present location in Title 11 is not significant. To begin with, the Legislature has provided

7

that "captions" "used to describe the substance of a title . . . of the Mississippi Code . . . shall not constitute a part of the Mississippi Code . . . unless specifically so provided by law." Miss. Code Ann. § 1-3-81(1)-(2) (Rev. 2019). Indeed, such captions "may be revised by a publisher of the code as the publisher deems appropriate." *Id.* § 1-3-81(3). Thus, Title 11's descriptive "caption" is not law. In addition, other provisions of Title 11 clearly apply to both civil and criminal cases.[5] Indeed, the provision that immediately follows section 11-51-79 in Title 11 expressly applied to both civil and criminal cases.[6] Thus, despite its caption, Title 11 clearly includes statutes that apply in criminal cases.

¶17. The statute's historical background also supports our conclusion that it applies in criminal cases. This provision was previously codified in parts of the 1930 Code and 1942 Code that were simply titled "Courts" or "County Courts."[7] The Legislature has not significantly amended its language over time.[8] This indicates that from its enactment, the

---

[5] *See*, *e.g.*, Miss. Code Ann. § 11-3-37 (Rev. 2019) ("In all cases, civil and criminal, a judgment or decree appealed from may be affirmed as to some of the appellants and be reversed as to others . . . .").

[6] *See* Miss. Code Ann. § 11-51-81 (Rev. 2019) ("[T]here shall be no appeal from the circuit court to the Supreme Court of any case civil or criminal which originated in a justice of the peace, municipal or police court and was thence appealed to the county court and thence to the circuit court unless in the determination of the case a constitutional question be necessarily involved and then only upon the allowance of the appeal by the circuit judge or by a judge of the Supreme Court."). This part of section 11-51-81 was held unconstitutional in *Jones v. City of Ridgeland*, 48 So. 3d 530, 537 (¶16) (Miss. 2010).

[7] *See* Miss. Code Ann. § 1616 (1942) (in Title 10, "Courts," and Chapter 5, "County Courts"); Miss. Code Ann. § 704 (1930) (in Chapter 17, "County Courts").

[8] The statute was enacted in 1926. 1926 Miss. Laws ch. 131. It was amended in 1940 to direct "[a]ppeals from the law side of the county court . . . to the circuit court, and those from the equity side to the chancery court." 1940 Miss. Laws ch. 229, § 1.

8

Legislature intended this provision to govern both civil and criminal appeals from county courts to circuit courts.

¶18. Finally, we note that the official comment to Mississippi Rule of Criminal Procedure 30.1 cites section 11-51-79, implicitly recognizing that it applies in criminal cases. MRCrP 30.1 cmt.

¶19. For all these reasons, we conclude that section 11-51-79 applies in both civil and criminal cases. Therefore, as in *Keller*, we conclude that a criminal defendant's failure to comply with the statute's jurisdictional requirements requires dismissal of the appeal.

¶20. We now turn to whether Holt satisfied section 11-51-79's requirements, specifically whether he timely posted a cost bond.

¶21. Under section 11-51-79, "a party seeking to appeal a county court judgment" "must file notice of the appeal *and post a bond*" "within thirty days of the entry of the judgment." *Gibson*, 312 So. 3d at 321 (¶12) (emphasis added) (quoting *T. Jackson Lyons & Assocs. P.A. v. Precious T. Martin Sr. & Assocs. PLLC*, 87 So. 3d 444, 448 (¶12) (Miss. 2012)). "The bond required for appeals from county court is a cost bond, which is commonly referred to as an appeal bond." *Keller*, 330 So. 3d at 790 (¶3) (brackets and quotation marks omitted). "The requirement of a cost bond may be satisfied by simply prepaying the costs of preparing the record, including the preparation of a trial transcript." *Id.* "Indeed, because parties typically pay this cost rather than posting a bond for the amount, it has been said that there is no longer a 'bond' for prepayment of costs." *Id.* (brackets and quotation marks omitted). Nevertheless, "our Supreme Court has made clear that the cost bond (or prepayment of costs)

9

required by section 11-51-79 'is *jurisdictional* because it is a statutory requirement for an appeal.'" *Id.* at (¶4) (emphasis added) (quoting *T. Jackson Lyons & Assocs.*, 87 So. 3d at 451 (¶23)). This means that "if the appellant fails to timely [post] his cost bond, his appeal is not perfected, and the circuit court has no choice but to dismiss the case for lack of appellate jurisdiction." *Id.* at 791 (¶4) (citing *Gibson*, 312 So. 3d at 324 (¶25)). Therefore, Holt was required to prepay the costs of his appeal within thirty days of the entry of the judgment in the county court. If he failed to do so, the circuit court lacked appellate jurisdiction.

¶22. The State argues that Holt failed to timely prepay the costs of his appeal to the circuit court, but the record is contradictory and insufficient for this Court to determine whether Holt met that requirement. Holt's prior counsel certified that Holt prepaid the costs of the appeal, or at least part of the costs, on October 6, 2021—the same date the judgment of conviction was entered in county court. But the only docket entry for prepayment of appeal costs reflects that payment was made on November 16, 2021—forty-one days after the judgment of conviction and eleven days beyond the statute's jurisdictional deadline. Based on this conflict in the record, it is not clear to this Court when Holt actually prepaid the costs of his appeal. Therefore, we remand the case to the circuit court to determine when Holt prepaid the costs of his appeal and whether the circuit court obtained appellate jurisdiction.[9]

## CONCLUSION

---

[9] *Cf.* Justin Pidot, *Jurisdictional Procedure*, 54 Wm. & Mary L. Rev. 1, 72 (2012) ("[W]hen a court of appeals recognizes jurisdictional issues overlooked by the [trial] court, it makes sense to charge [trial] courts with the task of investigating. When a [trial] court fails to assure itself that the record contains sufficient jurisdictional facts, the appellate court should reverse and remand, as they already do on an ad hoc basis.").

¶23. The circuit court erred by dismissing Holt's appeal for failure to file a brief because Holt was not provided with notice of the deficiency and an opportunity to cure. Because it is unclear whether Holt satisfied the jurisdictional requirements of section 11-51-79, we vacate the circuit court's order of dismissal and remand the case to the circuit court to determine when Holt prepaid the cost of his appeal and whether the circuit court obtained appellate jurisdiction.

¶24. **VACATED AND REMANDED.**

**BARNES, C.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. CARLTON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**